1  CHRISTOPHER D. BEATTY (State Bar No. 266466)
   cbeatty@millerbarondess.com
2  MILLER BARONDESS, LLP
   1999 Avenue of the Stars, Suite 1000
3  Los Angeles, California 90067
   Telephone: (310) 552-4400
4  Facsimile: (310) 552-8400

5  Attorneys for Plaintiff
   FAMOUS BIRTHDAYS LLC
6

7

8                  UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 FAMOUS BIRTHDAYS LLC,               CASE NO. 2:21-cv-09562-PA-MRW

12            Plaintiff,               **PLAINTIFF'S OBJECTIONS AND
                                       MOTION TO STRIKE
13    v.                               DEFENDANT'S NEW
                                       ARGUMENTS IN (1) MOTION TO
14                                     STRIKE NEW REPLY EVIDENCE
                                       AND ARGUMENT OR IN THE
15 SOCIALEDGE, INC., a Delaware        ALTERNATIVE, REQUEST FOR
   corporation (dba CreatorIQ),        LEAVE TO FILE SUR-REPLY; 2)
16                                     RESPONSES TO PLAINTIFF'S
                                       EVIDENTIARY OBJECTIONS TO
17            Defendants.              DEFENDANT'S OPPOSITION
                                       DECLARATIONS**

18                                     [*Filed Concurrently with [Proposed]
19                                     Order Granting Plaintiff's Motion to
                                       Strike*]
20
                                       Date:        March 14, 2022
21                                     Time:        1:30 p.m.
                                       Courtroom: 9A
22                                     Judge: Hon. Percy Anderson

23                                     Assigned to Hon. Percy Anderson,
                                       Crtrm. 9A and Magistrate Judge
24                                     Michael R. Wilner, Crtrm. 550

25                                     Action Filed:   December 9, 2019
                                       Trial Date:     None Set
26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

553683.1

Plaintiff Famous Birthdays, LLC hereby submits this request to strike the new arguments presented by Defendant SocialEdge, Inc. (dba CreatorIQ) in its Motion to Strike or in the Alternative, Request to File a Sur-Reply in Support of Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction, and in its Response to Plaintiff's Evidentiary Objections to Defendant's Opposition Declarations.

Without seeking leave of court or the consent of opposing counsel, on February 7, 2022, Defendant presented new arguments in support of its opposition to the motion for preliminary injunction, as part of two filings: (1) motion to strike new reply evidence and argument, or in the alternative, request for leave to file a sur-reply (Dkt. 28) and (2) responses to Plaintiff's evidentiary objections to Defendant's opposition declarations (Dkt. 30). The Court should strike the new arguments contained in those papers.

A response to Plaintiff's Reply is not permissible under the local rules to begin with. *See* L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply.") Rule 12(f), moreover, states that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted).

Here, Defendant makes the following new arguments in its motion to strike:

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

- Paragraphs 3:7-8: Arguing for the first time that Defendant is "unsure where the images in Exhibit I came from. It has reviewed its platform, which shows *different* profiles for those individuals."
- Paragraphs 4:24-4:25: Arguing for the first time that Plaintiff "does not allege that CIQ copied the alleged five-part format" of Plaintiff's biographies.
- Paragraphs 6:17-24: Citing new case law to support the new argument that "a copyright registration is required prior to filing suit."
- Paragraphs 6:25-7:8: Distinguishing for the first time case law cited by Plaintiff in support of its claim that it has suffered irreparable harm.
- Paragraphs 7:9-7:14: Distinguishing for the first time case law cited by Plaintiff in support of its Computer Fraud and Abuse Act claim.
- Paragraphs 7:15-7:28: Distinguishing for the first time case law cited by Plaintiff in support of its California Comprehensive Computer Access and Fraud Act claim.

These arguments should be stricken because they were made without leave of the Court. *See* L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply."); *see also* Fed. R. Civ. P. 12(f). Defendant also presents without leave of the Court responses to Plaintiff's evidentiary objections (Dkt. 30). There, Defendant asserts, without more, that "all of the exhibits are properly authenticated" and that the Opposition Declarations are "based on personal knowledge."

It is fundamentally unfair to permit Defendant to make the new legal arguments because Plaintiff did not have a chance to respond in its moving papers. Defendant should have and could have made these arguments in their Opposition. If it had done

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

so, Plaintiff could have addressed them in its Reply.  Plaintiff should not be unfairly prejudiced by Defendant's shotgun attempt to have the final word.

For the reasons set forth above, Plaintiff respectfully asks that the Court strike from the record pages and lines 3:7-3:8, 4:24-4:25, 6:17-7:28 of Defendant's Motion to Strike as well as pages and lines 2:17-2:24 of Defendant's responses to Plaintiff's evidentiary objections (Dkt. 30).  In the alternative, Plaintiff respectfully requests leave to respond with argument and evidence to these lately raised arguments.

DATED:  February 11, 2022          MILLER BARONDESS, LLP


By: _____
          CHRISTOPHER D. BEATTY
          Attorneys for Plaintiff
          FAMOUS BIRTHDAYS LLC