UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9562 PA (MRWx) | Date | February 11, 2022 |
|---|---|---|---|
| Title | Famous Birthdays, LLC v. SocialEdge, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Preliminary Injunction ("Motion") filed by plaintiff Famous Birthdays, LLC ("Plaintiff" or "Famous Birthdays"). (Docket No. 8). Famous Birthdays seeks to enjoin defendant SocialEdge, Inc. doing business as CreatorIQ ("Defendant" or "CIQ") from allegedly accessing, copying, and using Plaintiff's data including biographies, rankings, and images on Famous Birthdays' website without authorization. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for February 14, 2022 is vacated, and the matter taken off calendar.

## I.      Factual and Procedural Background

Famous Birthdays, launched in 2012, is an online search engine that provides profiles for celebrities and influencers. (Compl. ¶¶ 1-2.) Famous Birthdays alleges that its "original biographies are the backbone of its service" and the "strength and quality of its biographies are a significant competitive advantage that has taken years of investment, creativity, technological innovation, and hard work to develop and perfect." (Id. ¶ 3.) In 2012, Famous Birthdays began displaying "copyrightable profiles" on its website that has up to 25 million monthly unique users. (Id. ¶¶ 16-20.) As alleged in the complaint, the profiles "are recognized for their concise and to-the-point summaries" and "are optimized for use across desktops, tablets, and smartphones." (Id. ¶ 18.) According to Famous Birthdays, CIQ, launched in 2014, is a platform "for searching and discovering influencers" and a "meaningful component" of CIQ's platform "is the display of hundreds of thousands of biographies for the celebrities and influencers searchable on its website." (Id. ¶ 4.) CIQ "provides its customers an interface for searching and discovering influencers (Creator Core), connecting with them in a secure network (Creator Connect), and launching promotional campaigns with influencers (Campaign Workflows), among other tools." (Id. ¶ 23.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9562 PA (MRWx) | Date | February 11, 2022 |
|---|---|---|---|
| Title | Famous Birthdays, LLC v. SocialEdge, Inc. | | |

  Between April 2018 and August 2018, Famous Birthdays and CIQ were parties to a "License Agreement" whereby Plaintiff provided Defendant access to its database of "proprietary" biographies through an Application Programming Interface ("API") that facilitates the use of Famous Birthdays' content within CIQ's platform.  (Id. ¶¶ 24-25.)  The API "contain[s] the records for tens of thousands of celebrities and influencers (including tailored biographies, social media handles, popularity ranking, and a unique ID), as well as information regarding trending profiles categorized by profession (including web stars, singers, actors, dancers, rappers, and reality stars)." (Id. ¶¶ 25-26.)  CIQ terminated the agreement in August 2018.  (Id. ¶ 27.)  In June 2021, a customer of CIQ allegedly communicated via email to Famous Birthdays that it observed Famous Birthdays' material on the CIQ platform.  (Id. ¶¶ 28-29.)  Famous Birthdays, after an investigation, alleges that CIQ is using its "copyrighted material–tens of thousands of celebrity and influencer profiles" or the "Works"–without authorization.  (Id. ¶ 23.)  Plaintiff's complaint provides "samples from CreatorIQ's social media pages show[ing] that CreatorIQ has promoted Famous Birthdays' Works as belonging to CreatorIQ as recently as August 2021." (Id. ¶¶ 32-35).  Famous Birthdays alleges that the biographies CIQ "displays in its website and marketing materials are identical to Famous Birthdays' copyrighted Works," and that the "full extent of CreatorIQ's unlawful copying is at this point unknown." (Id.; Mot. at 3-4.)  Plaintiffs claim to have identified examples of infringement, including the following:

- CreatorIQ admitted that "we are just scraping" to get biographies for the CreatorIQ database. This shows CreatorIQ scrapes biographies from other websites rather than writing them on its own. CreatorIQ is either scraping directly from Famous Birthdays or from illegal third party websites that steal the biographies. Either way CreatorIQ is infringing Famous Birthday[]s copyrights.

- Three of the six CreatorIQ marketing videos located by Famous Birthdays on YouTube contained Famous Birthdays biographies.

- An individual did a demo of CreatorIQ, during which he was shown sample bios in the database. He was familiar with the Famous Birthdays style and suspected that many of the bios he was shown contained infringing material. He sent screen shots of the bios to Famous Birthdays, and Britton confirmed the demo did include Famous Birthdays bios, (Britton Decl. Ex. D.)  Two additional screenshots that came from this demo, that were not identified in the complaint, are attached, and demonstrate infringement by CreatorIQ that presumably has not been taken down. (Supp. Britton Decl. ¶ 15, Ex. I.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9562 PA (MRWx) | Date | February 11, 2022 |
|---|---|---|---|
| Title | Famous Birthdays, LLC v. SocialEdge, Inc. | | |

(Reply at 5.)

Famous Birthdays commenced this action on December 9, 2021. Plaintiff's complaint asserts claims for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 501; violation of the Computer Fraud And Abuse Act ("CFAA"), 18 U.S.C. § 1030; and violations of California's Comprehensive Computer Data Access And Fraud Act ("CDAFA"), Cal. Penal Code § 502, and Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. (Id. ¶¶ 41-75.) In a nutshell, Plaintiff's argument is that CIQ violated its exclusive rights under the Copyright Act by making Famous Birthdays' biographies available through CIQ's subscription-based platform and that CIQ violated computer crime laws by making use of Famous Birthdays' data without permission. (Mot. at 13-19.) Famous Birthdays argues a preliminary injunction should issue because of the loss of control over its intellectual property, a weakened market position, and harm to its goodwill and reputation. (Mot. at 21-22.) Plaintiff argues no bond, or a minimal bond should be required because there is no realistic likelihood of harm to CIQ. (Id. at 23.)

In its Opposition, CIQ asserts: (1) Plaintiff lacks capacity to bring suit or seek injunctive relief; (2) Plaintiff delayed at least six months; (3) CIQ has voluntarily ceased the alleged infringement rendering the Motion moot; (4) Plaintiff's requested relief is too vague; and (5) Plaintiff cannot establish a likelihood of success on the merits for any of its claims. (Def.'s Opposition ("Opp.") to Mot. for Preliminary Injunction at 2-3.)[1]

## II. Preliminary Injunction Standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under this "sliding scale," a preliminary injunction may issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of

---

[1] Plaintiff and Defendant have submitted extensive declarations in support of and in opposition to the Motion. Plaintiff and Defendant also filed evidentiary objections to specific evidence included in these declarations. Because the Court does not rely on any of the contested evidence in reaching its decision, the Court need not rule on the parties' objections.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9562 PA (MRWx) | Date | February 11, 2022 |
|---|---|---|---|
| Title | Famous Birthdays, LLC v. SocialEdge, Inc. | | |

hardships tips sharply in the plaintiff's favor," as long as the other two Winter factors have also been met. Id. (internal citations omitted). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 1867, 138 L. Ed. 2d 162 (1997).

A plaintiff's delay in seeking relief weighs against granting a preliminary injunction. See Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm."); Lydo Enters., Inc. v. City of Las Vegas, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief."); Hi-Rise Technology, Inc. v. Amateurindex.com, 2007 WL 1847249, at * 4 (W.D. Wash. June 27, 2007) ("Such a long delay in seeking relief weights against granting a temporary restraining order or a preliminary injunction.").

**III.    Analysis**

The Court first addresses a threshold matter raised by CIQ that Famous Birthdays' lack of capacity "is fatal to Plaintiff's entire case." The Court will then turn to CIQ's other arguments in opposition to a preliminary injunction.

**A.    Suspended Business Entity Status**

Under California law, a "corporation that has had its powers suspended lacks the legal capacity to prosecute or defend a civil action during its suspension." Casiopea Bovet, LLC v. Chiang, 12 Cal. App. 5th 656, 662, 219 Cal.Rptr.3d 157 (2017) (internal quotation marks omitted) (citing Cal. Rev. & Tax. Code § 23301). "A corporation that fails to pay its taxes, or fails to file a required return, or fails to file the required statement of information may be suspended and its corporate powers will be forfeited while under suspension. (Rev. & Tax.Code, §§ 23301, 23301.5;13 Corp.Code, §§ 2205, 5008.6.)." Friends of Shingle Springs Interchange, Inc. v. Cty. of El Dorado, 200 Cal. App. 4th 1470, 1486, 133 Cal. Rptr. 3d 626, 638–39 (2011). Specifically, "a corporation suspended for failure to file a required statement under Corporations Code section 1502 is, like a corporation suspended for failure to pay taxes under Revenue and Taxation Code section 23301, disabled from participating in any litigation activities." Palm Valley Homeowners Ass'n, Inc. v. Design MTC, 85 Cal. App. 4th 553, 560, 102 Cal. Rptr. 2d 350, 354–55 (2000). "[S]uspension of corporate powers is a defense which may be asserted so long as the party-corporation is under disability," however, "upon revival of these powers, the corporation may proceed with the prosecution or defense of an action." Peacock Hill Assn. v. Peacock Lagoon Constr. Co., 8 Cal. 3d 369, 371, 503 P.2d 285, 286

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9562 PA (MRWx) | Date | February 11, 2022 |
|---|---|---|---|
| Title | Famous Birthdays, LLC v. SocialEdge, Inc. | | |

(1972); see Sade Shoe Co. v. Oschin & Snyder, 217 Cal. App. 3d 1509, 1515, 266 Cal. Rptr. 619, 623 (Ct. App. 1990).  In other words, "[o]nce the delinquent corporation has satisfied its obligations, its powers are restored, thus reviving its capacity to sue and defend."  Friends of Shingle Springs Interchange, Inc., 200 Cal. App. 4th at 1486, 133 Cal. Rptr. at 639.

     Here, CIQ alleges that Famous Birthdays status was suspended because of its failure to pay taxes and supports its contention with a printout from the California Secretary of State's website of a business entity search which lists the status of Famous Birthday's LLC as "SOS Suspended."  (M. Peterson Decl., Exh. G.)  In its Reply, Famous Birthdays explains that its suspension status resulted from its failure to submit a Statement of Information form for 2020, and that "[u]pon learning of this oversight" it "promptly filed the form and $20 fee."  (Reply at 2.)  Famous Birthdays supports its contention with printout from the California Secretary of State's website dated January 31, 2022, which lists its status as "Active."  (Supp. Britton Decl. ¶ 3, Ex. E.)  The Court notes that the parties failed to request that the Court take Judicial Notice of its exhibits.  However, documents identifying Famous Birthdays' status with the California Secretary of State is subject to judicial notice as it is a matter of public record.  See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  Accordingly, the Court finds that Famous Birthdays' corporate status has been revived and CIQ's contention related to Famous Birthdays' corporate status is therefore moot.  See Wallens v. Milliman Fin. Risk Mgmt. LLC, 509 F. Supp. 3d 1204, 1215 (C.D. Cal. 2020).

     **B.**    **No Likelihood of Irreparable Harm**

     Despite the fact that Famous Birthdays must show a likelihood that they will suffer irreparable harm under Winter, Plaintiff fails to adequately account for its delay in seeking a preliminary injunction.  Famous Birthdays contends that it "began to suspect the infringement on June 8, 2021 after receiving" an email from a potential customer and that it filed suit on December 9, 2021 "[a]fter investigating and seeking advice from its attorneys."  (Reply at 10; Evan Britton Decl., Exh. D ("Hi Evan - we currently use CreatorIQ as our database / search engine. If I'm not mistaken, I believe you two have built a partnership where some of your info has been piped into their SaaS? If this is the case, then we've been using you both for quite some time and love the experience so far.")).  Assuming this email's content substantiates infringement activity, Famous Birthdays waited five months to file this Motion after its apparent investigation.  This delay alone warrants denial of Famous Birthdays' Motion.  See, e.g., Hansen Bev. Co. v. N2G Dist., Inc., No. 08-CV-1613 IEG (POR), 2008 WL 5427602, at *6 (S.D. Cal. Dec. 30, 2008) ("Delays in requesting an injunction, whether for months or years, tend to negate a claim of irreparable harm.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9562 PA (MRWx) | Date | February 11, 2022 |
|---|---|---|---|
| Title | Famous Birthdays, LLC v. SocialEdge, Inc. | | |

    Regardless of the delay, however, Famous Birthdays has failed to demonstrate a likelihood of irreparable harm at this stage of the proceedings. Famous Birthdays argues that it is likely to suffer irreparable harm in three forms: (1) the "ongoing nature of the infringement;" (2) harm to market share; and (3) and harm to goodwill and business reputation. However, Plaintiff makes an inadequate showing of irreparable harm based on the record before the Court. First, Famous Birthdays makes bare assertions of "competitive harm" and that "[r]elegating Famous Birthdays to seeking damages only is akin to a forced license agreement." (Mot. at 20.) Famous Birthdays merely recites legal precedent without analysis and does not offer relevant numerical calculations or dollar figures. Second, Plaintiff claims with weak evidence that CIQ is diverting traffic from its website and hurting its marketing pitches. Famous Birthdays cites to the June 8, 2021 email which it claims led them to investigate suspected infringement. (See Reply; Britton Decl., Exh. D.) Relying on this email, Famous Birthdays argues further "that users of CreatorIQ are confused about [] Famous Birthdays' relationship with CreatorIQ" and that potential customers have declined to subscribe to Famous Birthdays offerings "because they already have access to Famous Birthdays' content through CreatorIQ and think there is a license." (Reply at 21.) Given the limited nature of the evidence presented, including email printouts and sample comparisons of the parties' celebrity biographies, Famous Birthdays draws unwarranted conclusions. In the absence of sufficient evidence, the Court cannot accept Plaintiff's position that it is losing clients due to CIQ's allegedly unlawful conduct or that potential clients are deterred from using Famous Birthdays' services because of CIQ's operations. The Court concludes that at this stage Famous Birthdays has made an insufficient showing of irreparable harm to its business. See Perfect 10, Inc. v. Google, Inc., 653 F.3d 976, 981 (9th Cir. 2011).

    Because the Court concludes that Famous Birthdays has failed to establish that it will likely suffer irreparable harm in the absence of preliminary relief, the Court does not reach the other elements required for a preliminary injunction. See Tech. & Intellectual Prop. Strategies Grp., PC v. Fthenakis, No. C 11–2373 MEJ, 2012 WL 159585, at *4 n.6 (N.D. Cal. Jan. 17, 2012) ("Because Plaintiff has not established one of the required elements for obtaining a preliminary injunction (irreparable harm), the Court does not address the remaining elements.")

## Conclusion

    For all of the foregoing reasons, the Court denies Famous Birthdays' Motion for Preliminary Injunction. Accordingly, the Court denies as moot Defendant's motion to strike new reply evidence and argument or in the alternative, request for leave file sur-reply. (Docket No. 28.)

    IT IS SO ORDERED.