CHRISTOPHER D. BEATTY (State Bar No. 266466)
cbeatty@millerbarondess.com
MURAD SALIM (State Bar No. 342747)
msalim@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 552-4400
Facsimile:    (310) 552-8400

Attorneys for Plaintiff
FAMOUS BIRTHDAYS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FAMOUS BIRTHDAYS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SOCIALEDGE, INC., a Delaware corporation (dba CreatorIQ),<br><br>Defendant. | **CASE NO. 2:21-cv-09562-PA-MRW**<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND MONEY DAMAGES**<br><br>**(1) COPYRIGHT ACT;**<br><br>**(2) COMPUTER FRAUD AND ABUSE ACT;**<br><br>**(3) CALIFORNIA COMPREHENSIVE COMPUTER ACCESS AND FRAUD ACT;**<br><br>**(4) UNFAIR COMPETITION LAW;**<br><br>**(5) BREACH OF CONTRACT.**<br><br>**DEMAND FOR JURY TRIAL** |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

555318.1

Plaintiff Famous Birthdays, LLC ("Plaintiff" or "Famous Birthdays"), for its First Amended Complaint against Defendant SocialEdge, Inc. (dba and referred to herein as "CreatorIQ" or "Defendant"), hereby alleges as follows:

## NATURE OF THE ACTION

1.   Famous Birthdays brings this suit to stop the theft and misuse of its intellectual property by CreatorIQ.

2.   Since launching in 2012, Famous Birthdays has emerged as a valuable platform for the social media industry.  Famous Birthdays' core offering is an intuitive online search engine that provides access to regularly updated, originally written profiles of celebrities and influencers, presented in a simple and entertaining format.  This model has taken years of investment, creativity, technological innovation, and hard work to develop and perfect.

3.   Famous Birthdays' original written biographies are the backbone of its service.  The strength, breadth, and quality of its biographies are Famous Birthdays' signature offering and what sets Famous Birthdays apart from its competitors.  Where others treat written biography as fungible data, Famous Birthdays understands that original writing—however brief—is necessarily an art, and has invested accordingly in writing biographies that meet the standards of its site and its users.  The results speak for themselves: today, Famous Birthdays receives up to 25 million monthly users, largely driven by the quality of its celebrity profiles.

4.   In or around 2014, SocialEdge launched CreatorIQ, an influencer marketing platform.  CreatorIQ provides its customers an interface for searching and discovering influencers and connecting with them in a secure network, among other tools.  A meaningful component of CreatorIQ's service is the display of hundreds of thousands of biographies for the celebrities and influencers searchable on its website.  Rather than create its own biographies for this purpose, CreatorIQ openly concedes that it simply scrapes the internet and copies biographies, without permission, from third-party websites.  Famous Birthdays' website, with its tens of

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  thousands of biographies, is one of the websites targeted by CreatorIQ's scraping

2  practices.

3       5.     Instead of competing fairly, CreatorIQ is illegally and without

4  authorization using Famous Birthdays' copyrighted material—tens of thousands of

5  celebrity and influencer profiles (the "Works")—to promote and advance its

6  business.  By stealing and misusing Famous Birthdays' Works, CreatorIQ has

7  evaded the substantial investments required of legitimate competitors in this

8  industry and damaged Famous Birthdays.

9       6.     CreatorIQ's theft and misuse of Famous Birthdays' Works is even

10  more egregious because it has directly violated a license agreement between the

11  parties.  Several years ago, CreatorIQ was granted a limited license to use Famous

12  Birthdays' Works but agreed that any such use would cease upon termination of the

13  agreement.  CreatorIQ terminated the agreement after four months, but CreatorIQ

14  continues to use Famous Birthdays' Works.

15       7.     CreatorIQ has thus wrongfully used Famous Birthdays' data, including,

16  but not limited to, data obtained through the license agreement that CreatorIQ has

17  wrongfully kept, and data scraped directly from Famous Birthdays' website.

18       8.     CreatorIQ's activities described herein violate the federal Copyright

19  Act, the Computer Fraud and Abuse Act, the California Comprehensive Computer

20  Access and Fraud Act, and California law protecting against unfair competition, and

21  are also a breach of contract.

22       9.     Through this action, Famous Birthdays seeks injunctive relief to halt

23  CreatorIQ's intentional and ongoing legal violations, as well as damages to

24  compensate Famous Birthdays for the injuries CreatorIQ has caused.

25       **THE PARTIES, JURISDICTION, AND VENUE**

26       10.    Plaintiff Famous Birthdays is a California limited liability company

27  with its principal place of business located at 2800 28th Street, Unit #308, Santa

28  Monica, California 90405.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

3

11.     On information and belief, Defendant CreatorIQ is a Delaware corporation with its principal place of business located at 600 Corporate Pointe, Suite 210, Culver City, California 90230.

12.     The Court has federal subject matter jurisdiction over Famous Birthdays' claims under the Copyright Act and the Computer Fraud and Abuse Act, because those claims arise under federal law.  The Court also has original jurisdiction over Famous Birthdays' copyright claims under 28 U.S.C. § 1338(a).

13.     The Court has supplemental subject matter jurisdiction over Famous Birthdays' state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form a part of the same case or controversy and derive from a common nucleus of operative facts.

14.     The Court has specific personal jurisdiction over CreatorIQ because each of Famous Birthdays' claims arises out of CreatorIQ's substantial, intentional contacts with California, where it is headquartered.

15.     CreatorIQ is copying and misappropriating Famous Birthdays' biographies to support its operation of an interactive computer service that allows California residents to purchase services for discovering and connecting with celebrities and influencers.  CreatorIQ copied and is displaying images of Famous Birthdays' biographies on its website and makes them accessible to residents of California.

16.     Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(b)(2) because, as described herein, a substantial part of the events or omissions giving rise to Famous Birthdays' claims occurred in this District.

## GENERAL ALLEGATIONS

## I.     OVERVIEW OF FAMOUS BIRTHDAYS' BUSINESS MODEL

17.     Famous Birthdays' website offers an intuitive online search engine that provides access to regularly updated, originally written profiles of celebrities and influencers, presented in a simple and entertaining format.  These profiles include

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1   various features such as tailored biographical works, popularity rankings, images,

2   and videos.  Famous Birthdays developed and maintained a complex technology and

3   related infrastructure necessary to operate its extensive database of profiles.  Famous

4   Birthdays works with over 40 employees and independent contractors.

5       18.    Famous Birthdays began writing original celebrity profiles in 2012.

6   Famous Birthdays has since invested millions of dollars to develop and maintain an

7   expansive database of profiles for celebrities and influencers around the world.  Its

8   business has grown steadily since the company's creation, based on strong and

9   consistent demand from its users, as well as partnerships with third parties to license

10  portions of its Works and associated proprietary data.

11      19.    Famous Birthdays' original biographies are the backbone of its service;

12  they are what customers look for the most and the primary basis of Famous

13  Birthdays' business.  Famous Birthdays has made a massive investment of time,

14  effort, and resources to develop its format and functionality.

15      20.    The high quality of Famous Birthdays' written biographies

16  differentiates it from its competitors.  Famous Birthdays does not mine, scrape,

17  copy, or automate the production of its celebrity biographies.  Famous Birthdays'

18  original biographies are all drafted by Famous Birthdays staff, giving them a

19  consistent voice, framing, and level of quality.  These biographies are short, and are

20  each comprised of five sections: "About," "Before Fame," "Trivia," "Family Life,"

21  and "Associated With."  Famous Birthdays expends considerable creative effort to

22  make these biographies easy to read, entertaining, and relevant to its readers.

23  Through the process of drafting many thousands of unique biographies, Famous

24  Birthdays has developed considerable expertise in the art of drafting such

25  biographies.  Among other things, this means understanding which details are

26  salient, which are fun, what can be omitted, what should be highlighted, and writing

27  it all in a way that is approachable, entertaining, and snappy.

28      21.    Famous Birthdays has up to 25 million monthly unique users and is

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

available in Spanish, Portuguese, French, and Japanese.  New profiles are added regularly, covering everyone from TikTok stars to chefs.

22.     Famous Birthdays registered the copyrights in its original biographies with the United States Copyright Office in October 2018,[1] October 2021, and February 2022 (attached hereto as **Exhibits A–C**).  The 2018 and 2021 registrations are for Famous Birthdays' complete collection of written biographies as of the dates of filing.  The February 2022 registration is for select, published portions of Famous Birthdays' collection of written biographies dating back to March 22, 2018.

23.     The Terms of Use available on the Famous Birthdays website, moreover, inform its users that its "platform contains copyrighted material including, but not limited to, text and video."[2]  These terms are included in a link displayed at the bottom of Famous Birthdays' website.

## II.     FAMOUS BIRTHDAYS LICENSED WORKS TO CREATORIQ FOR FOUR MONTHS IN 2018

24.     Since launching in 2014, CreatorIQ has expanded rapidly, with more than two hundred employees and offices in the United States and Europe.  CreatorIQ prides itself in using "industry-standard models and data science"[3] to track performance of influencer marketing campaigns.  It offers a service to scale marketing programs "with the most advanced proprietary insights in the industry, so you can turn your most loyal advocates into your most influential brand partners."[4]  CreatorIQ is working to "create the future of the Creator Economy."

---

[1] The October 2018 registration was supplemented in February 2022.  The supplementary registration was approved and assigned Supplementary Registration No. TXu002302694.  *See* **Exhibit D**.

[2] Famous Birthdays, Terms of Use, available at https://www.famousbirthdays.com/terms/.

[3] CreatorIQ, Homepage, available at https://www.creatoriq.com/.

[4] CreatorIQ, Homepage, available at https://www.creatoriq.com/.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

25.     CreatorIQ provides its customers an interface for searching and discovering influencers (Creator Core), connecting with them in a secure network (Creator Connect), and launching promotional campaigns with influencers (Campaign Workflows), among other tools.  A meaningful component of its service is providing short biographies for hundreds of thousands of profiles available on its database.  The biographies allow CreatorIQ to promote its service by attracting customers through online marketing materials.  Moreover, the biographies are perhaps the most important way that CreatorIQ's customers can search for, browse, review, and consider influencers they want to connect with on CreatorIQ's platform.

26.     CreatorIQ publicly concedes that its biographies are not its own original works, but are obtained from others—including through the scraping of other websites and the copying of their contents.  Specifically, its privacy policy states that the sources of its biographical data on "Creators" include "Third party data providers" including "publicly available sources such as social media platforms, websites and blogs."[5]  Similarly, CreatorIQ admitted to Famous Birthdays in an email that "we are just scraping" to get biographies for the CreatorIQ database.

27.     CreatorIQ first approached Famous Birthdays in 2017 to try and license its data and biographies for use on CreatorIQ's platform.  In an email chain with SocialEdge's CEO (attached hereto as **Exhibit E**), Famous Birthdays initially declined his offer, noting that Famous Birthdays had not syndicated any of its data or its biographies to any third party at that time.  In the same chain, a CreatorIQ customer specifically noted that Famous Birthdays' data would "help us learn what is most valuable to brands as well, and figure out how best to scale."  Following discussions where Famous Birthdays was more receptive to reaching an agreement,

---

[5] CreatorIQ, Privacy Policy, available at https://www.creatoriq.com/legal/privacy-policy.

1   SocialEdge's CEO, Igor Vaks, went as far as sending a mock-up of how Famous

2   Birthdays' biographies might be integrated with CreatorIQ's platform.

3       28.    The parties ultimately came to an agreement and on April 23, 2018,

4   Famous Birthdays entered into a license agreement with CreatorIQ (the "License

5   Agreement"), wherein Famous Birthdays provided partial access to its database of

6   celebrity profiles and associated data, including the "About" section of its

7   biographies, under a limited license for an introductory cost of $3,000 per month, to

8   escalate after the first year to $10,000 per month (attached hereto as **Exhibit F**).  At

9   the time, CreatorIQ was a much more limited product than it is now with far fewer

10  customers.

11      29.    Under the License Agreement, Famous Birthdays would provide an

12  Application Programming Interface ("API"), a software interface that builds a

13  connection between two computer programs, so that CreatorIQ would gain partial

14  access to Famous Birthdays' Works for limited use within CreatorIQ's platform.

15  The API would contain partial records for tens of thousands of celebrities and

16  influencers (including a partial biography, social media handles, popularity ranking,

17  and a unique ID), as well as information regarding trending profiles categorized by

18  profession (including web stars, singers, actors, dancers, rappers, and reality stars).

19      30.    The License Agreement was for a twelve-month term beginning on

20  May 1, 2018, and provided CreatorIQ the right to cancel the agreement at any time

21  after four months via a thirty (30) day written notice.  Per the terms of the

22  agreement, CreatorIQ agreed to remove all Famous Birthdays material from its

23  platform in the event of the agreement's cancellation or termination.  The agreement

24  stated that Famous Birthdays will retain "full ownership" of its material, and "it's

25  understood that If/when the agreement ends, any and all Famous Birthdays data and

26  other references to Famous Birthdays would be removed from the CreatorIQ

27  platform."

28      31.    The License Agreement terminated on August 23, 2018, following a

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

notice to Famous Birthdays from SocialEdge's Vice President of Sales, Jonathan Kroopf, cancelling the agreement.  Thus, SocialEdge terminated the agreement after the initial four-month introductory period.

32.     However, in direct breach of the License Agreement, CreatorIQ has continued to use Famous Birthdays' Works, displaying data from Famous Birthdays as part of its CreatorIQ platform.  Indeed, CreatorIQ's platform continues to display Famous Birthdays' biographies in the same manner as the mock-up sent by Mr. Vaks when he was seeking to purchase a license to use the data from Famous Birthdays.

### III.     CREATORIQ IS UNLAWFULLY USING FAMOUS BIRTHDAYS' PROTECTED WORKS

33.     Famous Birthdays now regularly licenses select data through its "Famous Birthdays Pro" offering.  On June 8, 2021, when Famous Birthdays pitched Famous Birthdays Pro to Dentsu Inc. (a global advertising firm), Dentsu emailed Famous Birthdays stating it had observed duplication of Famous Birthdays' material on the CreatorIQ platform.  Dentsu believed that Famous Birthdays and CreatorIQ had partnered to make Famous Birthdays' material available on CreatorIQ's platform, and stated that: "we've been using you both for quite some time and love the experience so far".

34.     This email led Famous Birthdays to investigate CreatorIQ's use of its copyrighted materials.

35.     As sampled below, CreatorIQ is accessing, copying, and displaying Famous Birthdays' Works through marketing materials on CreatorIQ's website and its profiles on YouTube and Vimeo.  CreatorIQ is also using Famous Birthdays' Works as a key component of its offering throughout its platform available to subscribing customers.  On information and belief, Creator IQ is using Famous Birthdays' biographies at scale throughout its platform.

36.     When confronted with evidence of its unlawful use of Famous

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400     FAX: (310) 552-8400

Birthdays' Works, CreatorIQ has claimed to remove some of the offending data, limited only to those instances where Famous Birthdays has discovered an unlawful use and brought it to their attention.  However, even as to that limited subset of infringement, in some instances, CreatorIQ will remove the offending data and then turn around and start using it again.  In other instances, CreatorIQ will remove the data from some of its materials, but not all of them.  Further, CreatorIQ has taken the position that it cannot identify and remove all instances in which Famous Birthdays' data is being unlawfully used, and has insisted that Famous Birthdays must identify each instance of unlawful infringement and use, effectively attempting to place the onus on Famous Birthdays to help remedy CreatorIQ's wrongful conduct—despite the fact that CreatorIQ maintains a closed platform to which Famous Birthdays does not have access.

### a.    CreatorIQ Is Copying and Displaying Famous Birthdays' Works in Its Marketing Materials

37.    The samples from CreatorIQ's marketing materials show that CreatorIQ has promoted Famous Birthdays' Works as belonging to CreatorIQ as recently as February 2022.  As these marketing materials are intended to demonstrate CreatorIQ's product, the associated data remains in use throughout the CreatorIQ platform.  The biographies that CreatorIQ displays in its website and marketing materials are literally identical to Famous Birthdays' copyrighted Works, as the below sampling reflects:

**EXAMPLE 1: JACOB RIGLIN (INSTAGRAM PHOTOGRAPHER)**

- Famous Birthdays Work

Photographer and rooftopper who rose to fame with his life-risking photography.  He shares his work on Instagram, which has gained over 1 million followers.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

- <u>CreatorIQ Marketing</u>[6]



**EXAMPLE 2: CHELSEA YAMASE (INSTAGRAM STAR)**

- <u>Famous Birthdays Work</u>

Athlete and model whose adventurous outdoor lifestyle has earned her an Instagram following totaling more than 1.1 million.  She compiles her photography and writings on her personal blog, The Adventurers Collective.

- <u>CreatorIQ Marketing</u>



MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

---

[6] CreatorIQ, Izea Alternative, available at https://www.creatoriq.com/lp/izea-alternative.  *See also* CreatorIQ, Mavrck Alternative, available at https://www.creatoriq.com/lp/mavrck-alternative; CreatorIQ, Traackr Alternative, available at available at https://www.creatoriq.com/lp/traackr-alternative.

## EXAMPLE 3: LAUREN BULLEN (BLOGGER)

- <u>Famous Birthdays Work</u>

Blogger known for writing travel and fashion entries.  She also gained a following on Instagram under her gypsea_lust account, posting her pictures from around the world.

- <u>CreatorIQ Marketing</u>[7]



## EXAMPLE 4: J.D. WITHERSPOON (YOUTUBE STAR)

- <u>Famous Birthdays Work</u>

YouTuber, actor, comedian and gamer known for his WhoisUTV and runJDrun channels.  He is a skilled impressionist and has dabbled in rap as well.

---

[7] CreatorIQ has previously claimed that it removed all seven of the biographies identified in the Original Complaint in this matter, which it concedes were identical to Famous Birthdays' biographies, including Lauren Bullen's.  However, despite the fact that Famous Birthdays has twice asked CreatorIQ to remove Ms. Bullen's biography, as of the filing of this Amended Complaint, Ms. Bullen's biography, as copied from Famous Birthdays, still appears in a CreatorIQ press release, available at https://www.businesswire.com/news/home/20200528005654/en/CreatorIQ-Named-an-Influencer-Marketing-Solution-%E2%80%98Leader%E2%80%99-by-Independent-Research-Firm.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

- <u>CreatorIQ Marketing</u>



**EXAMPLE 5: DAZ BLACK (YOUTUBE STAR)**

- <u>Famous Birthdays Work</u>

YouTube star with over 7 million subscribers on his Daz Games channel. He has another popular YouTube channel called Daz Black. He first found success on Vine, creating funny characters by the name of Tea Party, Happy Cloud, and Predator.

- <u>CreatorIQ Marketing</u>





YouTube star with over 2.8 million subscribers on his Daz Games channel. He has another popular YouTube channel called Daz Black. He first found success on Vine, creating funny characters by the names of Tea Party, Happy Cloud, and Predator.



38. Other CreatorIQ marketing materials highlight the Works when comparing CreatorIQ's product to those of CreatorIQ's competitors. As of February

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

28, 2022, these materials continue to be available on CreatorIQ's website.[8]

### b. CreatorIQ Is Copying and Displaying Famous Birthdays' Works in Its Subscriber Database

39.     Famous Birthdays has also confirmed that CreatorIQ is unlawfully copying and displaying Famous Birthdays' Works within its platform behind a login interface.  For example, CreatorIQ is displaying Famous Birthdays' Works in their Creator Discovery feature, a key component of their influencer search and identification service.  CreatorIQ is also displaying Works in its Campaign Workflow feature, which CreatorIQ describes as its "bread and butter."  This is evident from a CreatorIQ video describing its Campaign Workflow feature, where Famous Birthdays' profile for Cristiano Ronaldo is featured two separate times, for two entirely different sections of their page.  Below is a sampling of CreatorIQ's infringement.

### EXAMPLE 1: EXPLORING WITH JOSH (YOUTUBE STAR)

- Famous Birthdays Work

YouTube content creator who video-blogs his explorations of abandoned places and buildings, sometimes in places that turn out to be horrifying.  His most popular videos involve him exploring abandoned federal gold exchange banks, schools, theme parks and more.  He has over 4.2 million subscribers.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

---

[8] *See* n.6, *supra.*

- <u>CreatorIQ Platform</u>



## EXAMPLE 2: BRAD LEMON (YOUTUBE STAR)

- <u>Famous Birthdays Work</u>

Comedy gamer best known by his YouTube channel name TheGamingLemon who most frequently publishes videos relating to the hit video game Grand Theft Auto.

- <u>CreatorIQ Platform</u>



555318.1

15

FIRST AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## EXAMPLE 3: CRISTIANO RONALDO

- <u>Famous Birthdays Work</u>

One of the top soccer players in the world, he rose to fame as a forward for Real Madrid after being acquired from Manchester United for a $131.6 million transfer fee in 2009.  He became captain of the Portuguese national team in 2008 and received the Ballon d'Or in 2008, 2013, 2014, 2016 and 2017.  In 2018, he signed with Juventus.  He was signed to return to Manchester United in 2021.

- <u>CreatorIQ Platform</u>





555318.1

**EXAMPLE 4: CHLOE FLOWER (COMPOSER)**

- <u>Famous Birthdays Work</u>

Classical pianist and composer known as a contemporary instrumentalist, she began her rise to fame after being featured on albums by Nas, Celine Dion, and Timbaland.

- <u>CreatorIQ Platform</u>



40.     The full extent of CreatorIQ's unlawful copying is at this point unknown.  However, CreatorIQ's marketing materials and samplings from other means make clear that Famous Birthdays' Works are an integral part of CreatorIQ's influencer marketing business.

41.     Significantly, CreatorIQ's influencer search tool (Creator Discovery) is a major feature of CreatorIQ's platform and where it is using copyrighted biographies across tens of thousands of profiles.  This is evident from its marketing materials on its homepage, where Famous Birthdays' influencer biographies are displayed three different times.  This feature alone likely features tens of thousands of Famous Birthdays' Works behind CreatorIQ's login interface.

42.     In addition, CreatorIQ provides Famous Birthdays' Works to assist its clients in creating customizable "One-Sheets" on CreatorIQ that feature Famous Birthdays' biographies.  This leads to CreatorIQ customers themselves violating Famous Birthday's copyrights when these customers create reproductions of the One Sheets.  For example, CreatorIQ promotes on its website a One Sheet featuring

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

the logo of a third-party company that infringes Famous Birthdays' copyrights. Famous Birthdays is investigating the scope of such infringement by other parties and will amend the Complaint, including to add new Defendants, as appropriate.

43.     CreatorIQ's tool for facilitating campaign workflows with influencers is another important feature that CreatorIQ describes as its "bread and butter," and which prominently displays Famous Birthday's biographies through marketing materials.[9]

## IV.   CREATORIQ HAS VIOLATED THE LICENSE AGREEMENT IN ADDITION TO FAMOUS BIRTHDAYS' COPYRIGHTS

44.     In addition to violating Famous Birthdays' Copyrights, CreatorIQ is in direct breach of the License Agreement between the parties.  The License Agreement, entered into on April 23, 2018, provided CreatorIQ with a limited license to use Famous Birthdays' Works, commencing on May 1, 2018.  CreatorIQ agreed to remove all Famous Birthdays material from its platform in the event of the agreement's cancellation or termination. Moreover, the agreement stated that Famous Birthdays will retain "full ownership" of its material, and "it's understood that If/when the agreement ends, any and all Famous Birthdays data and other references to Famous Birthdays would be removed from the CreatorIQ platform."

45.     CreatorIQ agreed to pay an introductory price of $3,000 per month for the limited license, which would increase to $10,000 per month after twelve months. CreatorIQ terminated the agreement after four months, on August 23, 2018.  (At the time, both Famous Birthdays and CreatorIQ were much smaller businesses.)

46.     CreatorIQ has continued to use Famous Birthdays' Works since termination of the License Agreement but has not paid for it.  In some instances, CreatorIQ has wrongfully continued to use data from Famous Birthdays that it was

---

[9] YouTube, CreatorIQ Campaign Workflows, available at https://youtu.be/O_XlkSebHvc.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

provided as part of the License Agreement.  In other instances, CreatorIQ has wrongfully scraped the copyrighted Works from the internet and is wrongfully using them, independent of the License Agreement.

47.     For example, the biography of Faze Rugg, a vlogger, was necessarily scraped from Famous Birthdays' website at least 8 months after the License Agreement terminated, as the biography was updated by Famous Birthdays after termination of the License Agreement, and appeared on CreatorIQ's platform in its updated form, rather than in the form it was in at the time of the agreement.  By contrast, in the case of other biographies, CreatorIQ has copied them in the form that they were in at the time of the License Agreement.

48.     Accordingly, it is clear that CreatorIQ's wrongdoing has necessarily involved both a breach of the License Agreement and a breach of Famous Birthdays' copyrights.

## V.     CREATORIQ'S UNLAWFUL ACTIONS HAVE CAUSED FAMOUS BIRTHDAYS SIGNIFICANT DAMAGES AND IRREPARABLE HARM

49.     As a direct and proximate result of CreatorIQ's willful copyright infringement and breach of the License Agreement, Famous Birthdays has suffered, and will continue to suffer, monetary loss and irreparable harm to its business, reputation, and goodwill.  Disgorgement is also appropriate here.

50.     CreatorIQ has obtained an unfair competitive advantage, as it has been able to compete in the marketplace without investing the time, money, and other resources required to cultivate an expansive database of biographies.  In fact, CreatorIQ has expanded significantly while using Famous Birthdays' Works since 2018.  When Famous Birthdays licensed its Works in 2018, for example, CreatorIQ had a valuation of roughly ten percent of its current size, and significantly fewer customers.  Now, CreatorIQ is using Famous Birthdays' Works in a much wider scale than they were in 2018.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

51.     Famous Birthdays' competing product, Famous Birthdays Pro, now has paying clients, several of which are billion-dollar public companies.  Its position in the market would be stronger if CreatorIQ had not been utilizing Famous Birthdays' Works, thereby diverting traffic from Famous Birthdays' website, and hurting Famous Birthdays Pro's own marketing pitch and momentum which rely on its first-party proprietary bios that can only be leveraged within Famous Birthdays Pro.

52.     Famous Birthdays has suffered and continues to suffer considerable harm from CreatorIQ's years-long unlicensed use of Famous Birthdays' Works.

53.     As a result, Famous Birthdays has no choice but to file the instant lawsuit to protect against the improper use of its Works and seek to be made whole.

## **FIRST CAUSE OF ACTION**

### **(Copyright Infringement, 17 U.S.C. § 501)**

54.     Famous Birthdays incorporates and realleges all foregoing Paragraphs as if fully set forth herein.

55.     Each of the Works is an original and creative work of authorship and subject to a valid and subsisting copyright registration with the United States Copyright Office.

56.     Famous Birthdays owns the rights to all of the Works and its corresponding copyright registrations.

57.     CreatorIQ has substantial access to Famous Birthdays' copyrighted Works through Famous Birthdays' website, third-party websites that have infringed on Famous Birthdays copyrights, and data obtained through the parties' historical licensing agreement—which CreatorIQ used to "reproduce the copyrighted work in copies" in violation of 17 U.S.C. § 106(1).  As revealed through the June 8, 2021 email from one of CreatorIQ's customers, and as confirmed by Famous Birthdays through reviewing screenshots of the CreatorIQ service and through other means, CreatorIQ is copying and using Famous Birthdays' Works in its public marketing materials as well as within its platform available to subscribing customers.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

58.     CreatorIQ is preparing "derivative works" based upon the copyrighted work, by displaying and providing the Works to its own customers as part of its influencer discovery service, in violation of 17 U.S.C. § 106(2).  CreatorIQ is also providing the Works to its customers as part of other services including its influencer Campaign Workflow service.

59.     CreatorIQ copied Famous Birthdays' Works and is "display[ing] the copyrighted work publicly" on its website, and continues to make unauthorized public displays of those Works on its website in violation of 17 U.S.C. § 106(1) and (5).

60.     Since termination of the License Agreement in August 2018, Famous Birthdays never authorized or licensed CreatorIQ to make copies or publicly display any of the Works.

61.     CreatorIQ's infringement of each of Famous Birthdays' Works was knowing, willful, and intentional.

62.     As a direct and proximate result of CreatorIQ's conduct, Famous Birthdays has suffered and will continue to suffer monetary damages in an amount to be determined at trial.  Famous Birthdays seeks actual compensatory damages and any and all profits CreatorIQ received as a result of its infringing conduct per 17 U.S.C. § 504(a)(1) & (b).  In the alternative, Famous Birthdays is entitled to statutory damages for each copyright violation, including enhanced statutory damages as a result of CreatorIQ's willful infringement.  Famous Birthdays is also entitled to, and seeks, its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

63.     Defendant's conduct has caused and will continue to cause irreparable harm to Famous Birthdays and its interests in the Works; and, as such, Famous Birthdays is entitled to preliminary and permanent injunctive relief to bar CreatorIQ from further infringement.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400     FAX: (310) 552-8400

## SECOND CAUSE OF ACTION

### (Computer Fraud And Abuse Act, 18 U.S.C. §§ 1030 *et seq.*)

64.     Famous Birthdays incorporates and realleges all foregoing Paragraphs as if fully set forth herein.

65.     Famous Birthdays stores and maintains its Works and data on servers that transmit those Works and data in interstate and foreign commerce.

66.     Individuals accessing or using Famous Birthdays' website are accessing Famous Birthdays' servers and viewing and obtaining the data stored thereon.

67.     Famous Birthdays' servers are "protected computer[s]" within the meaning of § 1030(e)(2)(C) because they are computers that "move[] in or otherwise affect[] interstate or foreign commerce."

68.     CreatorIQ has intentionally accessed Famous Birthdays' computers "without authorization or exceed[ing] authorized access, and thereby obtain[ed] . . . information from any protected computer," in violation of § 1030(a)(2)(C).  As described above, CreatorIQ is copying and using Famous Birthdays' Works in its public marketing materials as well as within its platform available to subscribing customers.

69.     CreatorIQ has "knowingly and with intent to defraud" accessed a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthered the intended fraud and obtained valuable data to advance its business and competitive advantage, in violation of § 1030(a)(4). CreatorIQ began using Famous Birthdays' Works under the License Agreement, and is aware that it was obligated to remove all of Famous Birthdays' Works from its platform upon termination of the agreement in 2018.  CreatorIQ continues to use Famous Birthdays' Works by taking them from Famous Birthdays' website without authorization and with intent to defraud Famous Birthdays by representing to the public that the Works belong to CreatorIQ.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

70.     CreatorIQ "intentionally accesse[d] a protected computer without authorization, and as a result of such conduct, cause[d] damage and loss," in violation of § 1030(a)(5)(C).  CreatorIQ's accessing of the Works is intentional, as those Works support and are an integral part of CreatorIQ's services.

71.     CreatorIQ caused irreparable and incalculable harm and injuries to Famous Birthdays; and, unless enjoined under § 1030(g), CreatorIQ's conduct will cause further irreparable and incalculable injury for which Famous Birthdays has no adequate remedy at law.

72.     For each violation, Famous Birthdays has been damaged in excess of $5,000 during a one-year period by CreatorIQ's unauthorized access, access in excess of authorization, and abuse of its protected computers.

73.     Defendant is directly and vicariously liable for the actions of its directors, officers, employees, contractors, and other agents, including all those acting at its direction or with its authorization.

## THIRD CAUSE OF ACTION

### (California Comprehensive Computer Access And Fraud Act, Cal. Penal Code § 502)

74.     Famous Birthdays incorporates and realleges all foregoing Paragraphs as if fully set forth herein

75.     CreatorIQ is directly and vicariously liable for the actions of its directors, officers, employees, contractors, and other agents, including all those acting at its direction or with its authorization.

76.     Famous Birthdays' Works are "[d]ata" within the meaning of § 502(b)(8) because they are a "representation of information, knowledge, facts, concepts, computer software, or computer programs or instructions."  "Data may be in any form, in storage media, or as stored in the memory of the computer or in transit or presented on a display device."

77.     CreatorIQ has "[k]nowingly" and "without permission" used Famous

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Birthdays' data in order to "wrongfully control or obtain" data and other information of monetary value, in violation of § 502(c)(1). As described above, CreatorIQ is copying and using Famous Birthdays' Works in its public marketing materials as well as within its platform available to subscribing customers.  CreatorIQ knows that it is wrongfully using Famous Birthdays' Works without permission, because, among other things, the License Agreement terminated in 2018.

78.     CreatorIQ has knowingly and without permission taken, copied, and made use of data from Famous Birthdays' computer, computer system, or computer network, as well as taken and copied related data, in violation of § 502(c)(2).

79.     CreatorIQ caused irreparable and incalculable harm and injuries to Famous Birthdays; and, unless enjoined under § 502(e)(1), CreatorIQ's conduct will cause further irreparable and incalculable injury.

80.     CreatorIQ is liable for compensatory, consequential, and incidental damages including, without limitation, compensatory damages reasonably incurred by Famous Birthdays to verify that each incidence of CreatorIQ's access did not alter, damage, or otherwise harm the integrity of Famous Birthdays' computers, computer systems, computer networks, or data, pursuant to § 502(e)(1).

81.     CreatorIQ is also liable for exemplary and punitive damages in an amount sufficient to set an example of CreatorIQ's oppressive, fraudulent, and malicious conduct, under § 502(e)(4).

82.     As a result of CreatorIQ's unlawful conduct, Famous Birthdays is entitled to all injunctive relief allowed under § 502(e)(1).

83.     Famous Birthdays is also entitled to attorneys' fees and costs incurred by virtue of this action authorized by § 502(e)(2).

### **FOURTH CAUSE OF ACTION**

### **(Unfair Competition Law, Cal. Bus. & Prof. Code § 17200)**

84.     Famous Birthdays incorporates and realleges all foregoing Paragraphs as if fully set forth herein.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

85.     CreatorIQ is a "person" as defined under California Business and Professions Code § 17201.

86.     As described above, CreatorIQ engaged in "unlawful, unfair or fraudulent business act or practice" under § 17200, including by failing to remove all of Famous Birthdays' Works from CreatorIQ's platform, and misleading Famous Birthdays in that regard, and violating federal and state law.

87.     CreatorIQ also engaged in "unfair, deceptive, untrue or misleading advertising" under § 17200 by marketing Famous Birthdays' Works on its website and through various social media platforms.

88.     As a direct and proximate result of Defendant's unfair, unlawful, and fraudulent business practices, Famous Birthdays has suffered injury in fact and lost money in an amount to be determined at trial.  Famous Birthdays seeks restitution and injunctive relief.

## FIFTH CAUSE OF ACTION
### (Breach of Contract)

89.     Famous Birthdays incorporates and realleges all foregoing Paragraphs as if fully set forth herein.

90.     As described above, Famous Birthdays and CreatorIQ entered into the License Agreement on April 23, 2018, effective May 1, 2018.

91.     The License Agreement required CreatorIQ to pay $3,000 per month for a limited license to use Famous Birthdays' data for an introductory period of 12 months, followed by an increase to $10,000 per month in the second year.

92.     CreatorIQ was required, upon termination of the License Agreement to remove all Famous Birthdays material from its platform. Moreover, the agreement stated that Famous Birthdays will retain "full ownership" of its material, and "it's understood that If/when the agreement ends, any and all Famous Birthdays data and other references to Famous Birthdays would be removed from the CreatorIQ platform."

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

93.     CreatorIQ terminated the License Agreement on August 23, 2018, but continued to use Famous Birthdays' data for years afterwards.  It did not continue making the payments required to use the data, nor did it remove all of the data from its platform, as required by the License Agreement.  CreatorIQ also violated the provision that stated that Famous Birthdays would retain "full ownership" of its material by misappropriating the material.

94.     As a direct and proximate result of CreatorIQ's breaches of the License Agreement, Famous Birthdays has suffered injury in fact, losing out on the value of the License Agreement, and also losing market opportunities owing to CreatorIQ's breaches.  Further, CreatorIQ has been unjustly enriched, obtaining the value of Famous Birthdays' data without paying for it.  Famous Birthdays seeks compensatory damages and injunctive relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

1.     Injunctive relief;

2.     An award to Famous Birthdays of damages as permitted by law, including but not limited to compensatory, statutory, and punitive and exemplary damages, and in such amounts to be proven at trial;

3.     Pre- and post-judgment interest as allowed by law;

4.     Attorneys' fees and costs to the extent allowed by law; and

5.     Such further and other relief as this Court may deem just and proper.

DATED:  February 28, 2022          MILLER BARONDESS, LLP


By:     /s/ Christopher D. Beatty

CHRISTOPHER D. BEATTY
Attorneys for Plaintiff
FAMOUS BIRTHDAYS, LLC

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400     FAX: (310) 552-8400

1

## **DEMAND FOR JURY TRIAL**

2          Famous Birthdays demands a trial by jury as to all claims and issues so

3    triable.

4

5    DATED:   February 28, 2022          MILLER BARONDESS, LLP

6

7

8                                        By:    /s/ Christopher D. Beatty

9                                               CHRISTOPHER D. BEATTY
                                                Attorneys for Plaintiff
10                                              FAMOUS BIRTHDAYS, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

555318.1

27

FIRST AMENDED COMPLAINT

1

## INDEX OF EXHIBITS

2

3

| Exhibit No. | Description | Pg. No. |
|---|---|---|
| A. | Famous Birthdays, LLC Certificate of Registration, October 2021 | 29-30 |
| B. | Famous Birthdays, LLC Certificate of Registration, October 2018 | 31-32 |
| C. | Famous Birthdays, LLC Certificate of Registration, February 2022 | 33-35 |
| D. | Famous Birthdays, LLC Unofficial Preview of Certificate of Registration Supplement | 36-39 |
| E. | Email Chain Between Famous Birthdays and SocialEdge, May 19, 2017 | 40-43 |
| F. | Executed agreement between CreatorIQ and Famous Birthdays LLC, April 23, 2018 | 44-54 |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

555318.1

FIRST AMENDED COMPLAINT