Jura C. Zibas (SBN: 217864)
*Jura.Zibas@wilsonelser.com*
Marty B. Ready (SBN: 239135)
*Marty.Ready@wilsonelser.com*
**WILSON, ELSER, MOSKOWITZ,**
 **EDELMAN & DICKER LLP**
401 West A Street, Suite 1900
San Diego, California 92101
Telephone:(619) 321.6200
Facsimile: (619) 321-6201

BOBBY A. GHAJAR (SBN:198719)
*bghajar@cooley.com*
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:+1 310 883 6400
Facsimile: +1 310 883 6500

Attorneys for Defendant
SOCIALEDGE, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAMOUS BIRTHDAYS, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>SOCIALEDGE, INC., a Delaware corporation (dba CreatorIQ),<br><br>                              Defendants. | Case No.: 2:21-cv-09562-PA-MRW<br>Hon. PERCY ANDERSON<br>Courtroom: 9A<br>Action Filed: December 9, 2021<br><br>**DEFENDANT SOCIAL EDGE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Hearing Date: April 18, 2022<br>Time: 1:30 p.m.<br>Dept: 9A |

# NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on <u>April 18, 2022</u>, or as soon thereafter as the matter may be heard in Courtroom 9A of this Court, located at 350 W. 1st Street, 9th Floor, Los Angeles, CA 90012, Defendant SocialEdge, Inc. dba CreatorIQ ("CIQ") will and hereby does move pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing with prejudice Plaintiff Famous Birthdays, LLC's ("Plaintiff") Amended Complaint (also "FAC") (Dkt. No. 39) on the following grounds:

1.     Plaintiff fails to state a claim for copyright infringement (Claim I) because it has not alleged with sufficient specificity (a) what works it allegedly owns (beyond nine examples identified in the complaint), (b) whether those works are covered by any of its three alleged copyright registrations (as required to bring a claim for copyright infringement), or (c) by what acts and during what time period CIQ allegedly infringed Plaintiff's rights.  This claim also fails because Plaintiff has not alleged a plausible claim for infringement where it has not alleged that CIQ engaged in bodily appropriation of its factual compilations.  Indeed, Plaintiff and CIQ's biographies and profiles, respectively, are not virtually identical, as required, or even substantially similar under the Ninth Circuit's "extrinsic" test.

2.     Plaintiff fails to state a claim for violation of the Computer Fraud and Abuse Act ("CFAA") (Claim II).  Plaintiff has not alleged facts giving rise to a plausible claim where it alleges only that CIQ took data from its publicly-accessible website.  Even if true, alleged copying from a public website does not violate the CFAA.

/ / /

/ / /

/ / /

/ / /

/ / /

1

DEFENDANT  SOCIAL EDGE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED
COMPLAINT
268300709v.1                                                          2:21-cv-09562-PA-MRW

3.     Plaintiff fails to state a claim for violation of the California Comprehensive Computer Access and Fraud Act (Claim III).  This claim fails for the same reason its CFAA claim (Claim II) fails: allegedly copying data from a publicly-accessible website does not violate the Act.

4.     Plaintiff fails to state a claim for violation of the California Unfair Competition Law (Claim IV).  That claim is based on the conduct described in Plaintiff's Second and Third Claims, which fail for reasons stated above.

5.     Plaintiff's Breach of Contract Claim (Claim V) fails because Plaintiff failed to plead all the requisite elements of breach of contract claim, and it is not certain whether Plaintiff itself performed under the subject contract.

6.     Finally, Plaintiff's Prayer for Relief, specifically its request for statutory damages and attorneys' fees, must be dismissed.  Plaintiff is not entitled to either because the alleged infringement began *prior to* the effective date of the copyright registration for the unpublished works Plaintiff allegedly registered in 2018.  Plaintiff's last minute registration in 2022 is more than nearly four years after the first publication of its works and, therefore, is untimely for statutory damages or attorney's fees under 17 U.S.C. § 412(2).

Plaintiff has already amended its Complaint once.  Because no amendment or fact discovery could cure the failures in Plaintiff's Complaint, it should be dismissed with prejudice, and without further leave to amend.

This Motion is made following the conference of counsel pursuant to Central District Local Rule 7-3, which took place on March 7 and 12, 2022.  Declaration of Marty B. Ready ("Ready Decl.") at ¶¶7-15.

This Motion is based on the files, records, and proceedings in this action; this Notice and the following Memorandum of Points and Authorities; the concurrently filed Declaration of Marty B. Ready and Request for Judicial Notice, which are also incorporated by reference in the Complaint; further briefing in the case; any argument of counsel permitted by the Court; and such other matters as may be

1   presented at the hearing on this Motion or prior to the Court's decision.

2

3   Dated:  March 14, 2022          **WILSON, ELSER, MOSKOWITZ,
                                    EDELMAN & DICKER, LLP**

4

5                                   By:  */s/ Marty B. Ready*
                                         Marty B. Ready
6                                        Jura C. Zibas
                                         Attorneys for Defendant
7                                        SOCIAL EDGE, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT  SOCIAL EDGE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED

# <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     STATEMENT OF FACTS ................................................................................. 2

        A.      License Agreement ................................................................................ 3

        B.      Plaintiff's Copyright Registrations ....................................................... 4

        C.      Plaintiff's Allegation of Wrongful Conduct by CIQ. ........................... 5

III.    LEGAL STANDARD APPLICABLE TO MOTIONS TO DISMISS .............. 5

IV.     PLAINTIFF FAILS TO STATE A COPYRIGHT CLAIM. ............................. 5

        A.      PLAINTIFF FAILS TO STATE A CLAIM FOR INFRINGEMENT
                BECAUSE IT DOES NOT IDENTIFY ITS WORKS OR THE ACTS OF
                ALLEGED INFRINGEMENT. ............................................................... 5

        B.      Plaintiff Fails to State A Plausible Claim for Infringement Because It Does
                Not Allege That CIQ Engaged in Bodily Appropriation of Its Biographical
                Compilations ............................................................................................ 9

        C.      Plaintiff Fails to State a Plausible Claim for Infringement Because the
                Parties' Works Are Not Virtually Identical or Even Substantially Similar. ......... 10

                1.      Plaintiff's work warrants only "thin" protection. ..................... 10

                2.      Plaintiff's copyright infringement claim also fails under the
                        substantially similar standard .................................................. 13

V.      PLAINTIFF FAILS TO STATE A COMPUTER FRAUD AND ABUSE ACT OR
        CALIFORNIA STATE LAW CLAIM. ............................................................. 19

VI.     PLAINTIFF FAILED TO STATE A CAUSE OF ACTION FOR BREACH OF
        CONTRACT UNDER CALIFORNIA LAW. .................................................... 21

VII.    PLAINTIFF CANNOT RECOVER STATUTORY DAMAGES OR
        ATTORNEYS FEES UNDER 17 U.S.C. § 412 ............................................... 22

VII.    CONCLUSION ................................................................................................ 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Airport Rd. Dev., LLC v. Lithia Real Estate, Inc.*
(E.D.Cal. July 10, 2009) 2009 U.S.Dist.LEXIS 58747 ....................................22

*Apple Computer, Inc. v. Microsoft Corp.*
(9th Cir. 1994) 35 F.3d 1435 ...........................................................................10

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .........................................................................................5

*Brodsky v. Apple Inc.,*
445 F. Supp. 3d 110 (N.D. Cal. 2020) .........................................................19, 20

*Chrisman v. City of Los Angeles,*
155 Cal.App.4th 29, 65 Cal.Rptr.3d 701 (2007)................................................20

*Corbello v. Valli*
(9th Cir. 2020) 974 F.3d 965 ...........................................................................16

*Cub Club Investment, LLC v. Apple Inc.,*
Case No. 21-cv-06948-VC, 2022 WL 469378 (N.D. Cal. Feb. 16,
2022)..........................................................................................................11, 12

*Cuyuma v. Corona Seeds, Inc.*
(C.D.Cal. Feb. 20, 2019, No. CV 17-8220-DMG (SKx)) 2019
U.S.Dist.LEXIS 74625 ......................................................................................22

*Experian Info. Solutions, Inc. v. Nationwide Marketing Servs Inc.,*
893 F. 3d 1176 (9th Cir. 2018)......................................................................9, 10

*Feist Pubs., Inc. v. Rural Tel. Serv. Co.,*
499 U.S. 340 (1991) .........................................................................................10

*Hall v. Swift*
(C.D.Cal. Feb. 13, 2018, No. CV 17-6882-MWF (ASx)) 2018
U.S.Dist.LEXIS 43575 ......................................................................................12

ii

DEFENDANT  SOCIAL EDGE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED
COMPLAINT
268300709v.1                                                                    2:21-cv-09562-PA-MRW

*hiQ Labs, Inc. v. LinkedIn Corp.,*
    273 F. Supp. 3d 1099 (N.D. Cal. 2017), *aff'd and remanded*, 938
    F.3d 985 (9th Cir. 2019), *cert. granted, judgment vacated*, 141 S.
    Ct. 2752, 210 L. Ed. 2d 902 (2021) .................................................................. 19

*Levitt v. Yelp! Inc.*
    (9th Cir. 2014) 765 F.3d 1123 ....................................................................... 21

*Martinez v. Welk Grp., Inc.,*
    907 F. Supp. 2d 1123 (S.D. Cal. 2012) ........................................................ 21

*Mattel, Inc. v. MGA Entertainment, Inc.*
    (9th Cir. 2010) 616 F.3d 904 .......................................................................... 10

*Narell v. Freeman*
    (9th Cir. 1989) 872 F.2d 907 .......................................................................... 16

*Oasis W. Realty, LLC v. Goldman*,
    51 Cal.4th 811, 124 Cal. Rptr. 3d 256, 250 P.3d 1115 (2011) ........................... 21

*Palmer Kane LLC v. Scholastic Corp.,*
    No. 12 CV 3890, 2013 WL 709276 (S.D.N.Y. Feb. 27, 2013) ........................ 7,8

*Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc.,*
    832 F. Supp. 1378 (C.D. Cal. 1993) ............................................................. 24

*Pelt v. CBS, Inc.*
    (C.D.Cal. Oct. 25, 1993, No. CV-92-6532 LGB (SHx)) 1993
    U.S.Dist.LEXIS 20464 ................................................................................ 12

*Plunket v. Doyle*,
    No. 99 CIV. 11006(KMW), 2001 WL 175252 (S.D.N.Y. Feb. 22,
    2001) ........................................................................................................... 7,8

*Por Los Rios, Inc. v. Lions Gate Ent., Inc.,*
    No. 2:13-CV-7640-CBM-PLA, 2014 WL 12605374 (C.D. Cal.
    May 21, 2014) ............................................................................................. 24

*Proline Concrete Tools, Inc. v. Dennis*,
    2008 WL 11286077 (S.D. Cal. Aug. 18, 2008) .............................................. 6

*Rentmeester v. Nike, Inc.*
    (9th Cir. 2018) 883 F.3d 1111 ...................................................................... 13

iii

*Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group, a Div. Reed Elsevier Group, PLC*,
    463 F.3d 478 (6th Cir. 2006) ................................................................. 9

*Sandvig v. Sessions*,
    315 F. Supp. 3d 1 (D.D.C. 2018) .......................................................... 19

*Scott v. Bluegreen Vacations Corp.*
    (E.D.Cal. Nov. 20, 2018, No. 1:18-CV-649 AWI EPG) 2018
    U.S.Dist.LEXIS 198840 ...................................................................... 21

*Somers v. Apple, Inc.*,
    729 F.3d 953 (9th Cir. 2013) .................................................................. 5

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) .................................................................. 5

*Stephens & Stephens XII, LLC v. Fireman's Fund Ins. Co.*
    (2014) 231 Cal. App.4th 1131 .............................................................. 22

*Synopsys, Inc. v. ATopTech, Inc.*,
    No. C 13-CV-02965 SC, 2013 WL 5770542 (N.D. Cal. Oct. 24,
    2013) .................................................................................................. 7,8

*TVB Holdings USA Inc. v. Enom Inc.*,
    2014 WL 12581778 (C.D. Cal. Jan. 6, 2014) ......................................... 6

*United States v. Nosal*,
    676 F.3d 854 (9th Cir. 2012) (*en banc*) ............................................... 19

*Van Buren v. U. S.*,
    593 U.S. ——, 141 S.Ct. 1648, 210 L.Ed.2d 26 (2021) ...................... 19

*Zito v. Steeplechase Films, Inc.*,
    267 F. Supp. 2d 1022 (N.D. Cal. 2003) ............................................... 23

**Rules**

Fed. R. Civ. Proc. § 12(b)(6) ..................................................................... 1,5

**Statutes**

17 U.S.C. § 103(b) ...................................................................................... 12

17 U.S.C. § 412 .............................................................................. 2, 22, 23

iv

17 U.S.C. § 412(2) ........................................................................................... 23

17 U.S.C. § 504 ................................................................................................ 23

California Penal Code § 502 ....................................................................... 1, 19

California Penal Code § 502(c)(2) ................................................................. 20

DEFENDANT  SOCIAL EDGE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED
COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This lawsuit is an attempt to use copyright law to protect factual biographical information and statistical data about celebrities and social media influencers. Plaintiff Famous Birthdays, LLC ("Plaintiff" or "FB") has a public website that provides a profile, including, biographical information for these individuals, along with rankings and trends. In its complaint, amended on February 28, 2022 ("the Amended Complaint") Plaintiff alleges copyright infringement against CIQ in an unspecified set of profiles arguing that CIQ kept certain of Plaintiff's data after the termination of a license agreement between the parties or copied the data from Plaintiff's website.  Each of Plaintiffs claims, as well as its prayer for statutory damages and attorney's fees, fail as a matter of law.

***First***, as to Plaintiff's copyright infringement claim (Claim 1), it fails to allege what it allegedly owns that are copyrighted, whether any of its alleged works are covered by the copyright registration pled in the Amended Complaint, or which of CIQ's actions infringe those rights, outside of nine examples cited in the Amended Complaint.  Beyond this failure, it is evident from the asserted and accused factual profiles that there is not even substantial similarity in protected expression between them.  Plaintiff does not, and cannot, allege that CIQ copied "substantially" all of Plaintiff's biographical database (as opposed to some small portion), which is necessary to establish infringement. The accused CIQ influencer profiles, individually, are not substantially similar to Plaintiff's, given that any overlap is factual information, and overall, the profiles have totally different layouts, data, and feel.  Application of the "extrinsic test" for copyright infringement requires dismissal of the copyright claim with prejudice.

***Second***, as to Plaintiff's Computer Fraud and Abuse Act ("CFAA") claim (Claim 2) and California Comprehensive Computer Access and Fraud Act ("Penal Code §502") (Claim 3), Plaintiff alleges that CIQ visited Plaintiff's website and

copied profile data from it.  This conduct, even if true (which CIQ does not admit), does not constitute violation of the CFAA because Plaintiff's website is publicly accessible and Plaintiff does not require any authentication for accessing the data. The invocation of these statutes is an overreach; neither is applicable.

*Third*, similar to the Copyright claim, Plaintiff's breach of contract claim fails because Plaintiff did not plead that it performed or is excused from performance under the contract.

*Finally*, given the timing of Plaintiff's registration relative to the alleged infringement, Plaintiff is not entitled to statutory damages or attorneys' fees.  17 U.S.C. § 412.  The alleged infringement commenced in August 2018, *prior to* the effective registration date of Plaintiff's registration for its "unpublished" collection of celebrity biographical data. Plaintiff's newly acquired registration dated February 2022 of "select celebrity details" is untimely by nearly four years to entitle Plaintiff to statutory and/or attorney's fees under 17 U.S.C. § 412. As a matter of law, this disqualifies Plaintiff from recovery of statutory damages or attorneys' fees, regardless of whether Plaintiff believes additional acts of infringement of its collection of biographies occurred after the registration dates of its alleged 2018 or 2022 copyright registrations.

These defects in the Complaint are not curable.  As such, the Complaint should be dismissed with prejudice.

## II.   STATEMENT OF FACTS

CreatorIQ is an influencer marketing platform that provides its customers an interface for searching and discovering influencers, among other tools,  and connecting with them in a secure network requiring a login. FAC, Dkt. 39, ¶¶4, 34. A creator's profile includes a variety of information, including a brief biography, categories of the creator's posts (e.g., sports, travel, nature photography, causes and activism, etc.), links to the creator's social media accounts, recent posts by the creator, key metrics, and a list of similar creators.  Declaration of Marty B. Ready in

Support of Motion to Dismiss ("Ready Decl."), ¶4, Ex. 10-18; Requests for Judicial Notice ("RJN") No. 10-18.

Famous Birthdays runs a website www.famousbirthdays.com that features a profile of celebrities, historical figures, and social media personalities ("FB Profiles"). Dkt. 39, ¶2. These FB Profiles are made publicly available on Plaintiff's website and include information such as birthdate, birthplace, age, zodiac sign, biographical information, trivia, family life, and "popularity" rankings according to various metrics, such as age, birthdate, birthplace, first name, and the like. Ready Decl., Ex. 1-9,; RJN, No. 1-9.

### A.   License Agreement

On or about, April 23, 2018, CIQ entered into a license agreement with Plaintiff ("Agreement") whereby Plaintiff agreed to provide an Application Programming Interface or API for Plaintiff's database of celebrities who have either a twitter, Instagram, Facebook, or YouTube user name, in exchange for payment from CIQ. FAC, Dkt. 39, ¶28; Dkt. 39-6, at 4. Pursuant to the Agreement, Plaintiff was to provide two API's to CIQ. *Id.* The first is for "celebrity records," made up of "About," "Profession," and social media handles, such as "Instagram Handle, Twitter Handle, Musical.ly Handle, YouTube User ID, YouTube Channel ID, Facebook User Name, Alive, Age, Popularity Ranking, and Unique ID." *Id.* The second set of data was referred to as the "Trending API," which was to be updated daily, intended to provide daily updates showing "which celebs have risen in popularity on Famous Birthdays in the past day," categorized by profession. *Id.,* at 5. CIQ terminated the Agreement on August 23, 2018. FAC, Dkt. 39, ¶31.

In August 2018, CIQ updated its website and included various sample influencer profiles, including several profiles that displayed some of the biographical data like those provided in Plaintiff's "celebrity records" ("CIQ Profiles"). Generally speaking, the CIQ Profile included biographical data and social medial handles. In addition, it also included several other metrics for the influencer, such as "RECENT

POSTS," "KEY METRICS," including the number of followers, likes per post, comments per posts, and statistical data of "AUDIENCE," "BRANDS & HASHTAGS," "GROWTH HISTORY," etc. FAC, Dkt. 39, ¶32. Plaintiff alleges at least as early as August 15, 2018, and continuing through nearly all of 2021, CIQ's website included the biographies of influencers such as Lauren Bullen and Chelsea Yamase, containing the language Plaintiff now accuses CIQ of copying.  FAC, Dkt. 39, ¶32.

### B.    Plaintiff's Copyright Registrations

Plaintiff claims it registered "creative works of authorship" in October 2018, 2021, and 2022 and attached three copyright registrations to its Amended Complaint (collectively, "Copyright Registrations"). FAC, Dkt. 39 at ¶22.

- the work titled "famousbirthdays.com celebrity profiles" as unpublished collection, with the year of completion of 2018 with Effective Date of Registration of October 5, 2018 ("2018 Registration") (Dkt. 39-2);

- the work titled "famousbirthdays.com celebrity profiles" completed in 2021; the effective date of October 18, 2021 ("2021 Registration") (Dkt. 39-1); and

- the work titled "Famousbirthdays.com select celebrity details," with the Effective Date of Registration of February 15, 2022, but completed in 2018, with the date of 1st Publication of March 22, 2018 ("2022 Registration") (Dkt. 39-3).

Plaintiff did not attach to the Amended Complaint the deposit materials for any of the Copyright Registrations and did not otherwise provide the Court with copies (or even excerpts) of its claimed works, other than quoting text from nine partial profiles it alleges were infringed.  Dkt. 39 at ¶¶31-32.  This is important because neither the Court, nor CIQ, has any ability to compare what Plaintiff claims to own under copyright against CIQ's profiles, other than the nine examples Plaintiff mentions in the Amended Complaint.

### C.     Plaintiff's Allegation of Wrongful Conduct by CIQ.

In the Amended Complaint, Plaintiff alleges that CIQ copied 1-3 sentences of factual information from Plaintiff's FB Profiles, and used them in CIQ Profiles for the following individuals: Jacob Riglin, Chelsea Yamase, Lauren Bullen, J.D. Witherspoon, Daz Black, Exploring with Josh, Brad Lemon, Cristiano Ronaldo, and Chloe Flower.  FAC, Dkt. 39, ¶¶37-39. Plaintiff alleges that the "full extent of CIQ's unlawful copying is at this point unknown." *Id.*, ¶33.  However, it asserts that CIQ's Creator Discovery tool "likely features tens of thousands of Famous Birthdays' Works behind CreatorIQ's login interface." *Id.*, ¶41.

## III.    LEGAL STANDARD APPLICABLE TO MOTIONS TO DISMISS

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  Whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  A court is not required to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" nor conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (internal citations omitted).

## IV.    PLAINTIFF FAILS TO STATE A COPYRIGHT CLAIM.

### A.     Plaintiff Fails To State a Claim for Infringement Because It Does Not Identify Its Works or the Acts of Alleged Infringement.

In order to state a plausible claim for copyright infringement, Plaintiff must allege "1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been

5

DEFENDANT  SOCIAL EDGE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED
COMPLAINT
268300709v.1                                                                  2:21-cv-09562-PA-MRW

registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." *Proline Concrete Tools, Inc. v. Dennis*, 2008 WL 11286077, at *2–3 (S.D. Cal. Aug. 18, 2008). Plaintiff's pleading fails to satisfy even one of these basic requirements. Beyond nine examples cited in the Amended Complaint, Plaintiff fails to allege what other profiles are the subject of the copyright claim; fails to allege whether any profiles (including the nine identified in the Amended Complaint) are covered by either of its three alleged copyright registrations; and fails to allege which acts, and during what period of time, CIQ infringed the copyrights in the unspecified profiles.

*TVB Holdings USA Inc. v. Enom Inc.* is instructive. In that case, the plaintiff alleged that the defendant had infringed thousands of episodes of television shows by posting them online. *TVB Holdings USA Inc. v. Enom Inc.*, 2014 WL 12581778, at *3 (C.D. Cal. Jan. 6, 2014). The complaint contained a list of 4000 episodes of television shows and a list of thousands of URLs for web pages that allegedly allowed unauthorized viewing of certain episodes. *Id.* at *1, 3. The court denied the motion for default judgment and a permanent injunction because the plaintiff had not adequately identified the works it alleged were infringed, even though the court could identify the works from the URLs. *Id.* The court explained that "[t]he Court will not attempt to review and compile the thousands of links provided by Plaintiff to determine the actual copyrighted works and whether and to what extent Plaintiff may be entitled to relief." *Id.*

Plaintiff's Complaint is even more lacking than that in *Enom*. First of all, Plaintiff has not given CIQ or the Court the means to even attempt to identify the works Plaintiff owns and alleges have been infringed. It provides nine examples but claims that there may be "tens of thousands of profiles" that infringe Plaintiff's copyrights. FAC, Dkt. 39, ¶41. CIQ does not contend that Plaintiff must identify every single profile it claims was infringed, but it must, at the very least, allege sufficient factual matter so that CIQ and the Court can (1) identify what profiles

Plaintiff believes it owns rights to, (2) confirm whether those profiles are covered by a copyright registration, and (3) compare CIQ's corresponding profile (if there is one) to assess substantial similarity of protected expression.

Other courts have similarly found allegations lacking where they did not specify the works allegedly infringed or the defendant's allegedly infringing conduct.  For example, in *Synopsys, Inc. v. ATopTech, Inc.*, No. C 13-CV-02965 SC, 2013 WL 5770542, at *4 (N.D. Cal. Oct. 24, 2013), the court dismissed claims that defendant infringed plaintiff's software (except as to two particular input and output formats) where plaintiff merely "provid[ed] its copyright registrations and plead[] that Defendant had access to the Copyrighted Software and improperly incorporated parts of it into its own software."  The court also noted that "Plaintiff further hamstrings its complaint by simply speculating on how widespread the copying may be, without describing any acts or works that infringe Plaintiff's Copyrighted Software." *Id.*

Similarly, in *Plunket v. Doyle*, No. 99 CIV. 11006(KMW), 2001 WL 175252, at *4 (S.D.N.Y. Feb. 22, 2001), the court granted a motion to dismiss for failure to adequately plead copyright infringement because the plaintiff had failed to identify the works at issue when providing a list of works but claiming that the complaint was not limited to only those works.  The court observed "Plaintiff provides a multi-page schedule of the works of Sir Arthur Conan Doyle and provides copyright registration numbers for nine of these works, but contends in her Complaint that her copyright claims are not limited to these works. As a result, plaintiff has not provided a list of the works potentially at issue in this case." *Id.*

Likewise, in *Palmer Kane LLC v. Scholastic Corp.*, No. 12 CV 3890, 2013 WL 709276, at *3 (S.D.N.Y. Feb. 27, 2013) the court granted a motion to dismiss because "the complaint does not properly specify which works are at issue in the case…the plaintiff provided a spreadsheet listing its works, and the registration numbers for a small number of these works, but alleged that the copyright claims are

1  not limited to these works."   The court also ruled that "the most significant
2  deficiency is the lack of specificity regarding a time period in which Scholastic
3  infringed on Palmer Kane's works." *Id.*

4       Plaintiff's Complaint suffers from the same deficiencies as the complaints in
5  the above cases.  It alleges the existence of copyright registrations that cover the
6  "text" of unidentified famousbirthdays.com celebrity profiles or details without any
7  further information as to what is covered by the registrations, or which of the "tens
8  of thousands" of profiles are included.  It provides nine examples of alleged
9  infringement, but even for those nine, it does not provide its own allegedly
10 copyrighted work – instead cropping and presenting only a paragraph of each.  That
11 synthetic comparison, and the failure to provide a complete copyrighted work, is
12 improper.  It is akin to showing five lines of text from a plaintiff's book, and ten
13 lines of text from a defendant's script and asking the Court to adjudicate copyright
14 infringement.

15       Moreover, Plaintiff claims the nine examples are not exhaustive, leaving CIQ
16 and the Court to guess at what *else* may be included, just as the plaintiffs did in
17 *Enom*, *Synopsys*, and *Doyle*.  As in *Synopsis*, Plaintiff only speculates as to the scope
18 of infringement, extrapolating from nine examples that there may be "tens of
19 thousands" instances of infringement without providing any basis for such a belief.
20 Problematically, Plaintiff does not even go as far as the plaintiffs in *Scholastic* or
21 *Plunket* to provide a list of the works it allegedly owns.  As noted, Plaintiff does not
22 allege (beyond the nine examples) which of CIQ's works allegedly infringe
23 Plaintiff's works. Plaintiff does not even allege the time period during which the
24 infringement allegedly took place.  In sum, the Amended Complaint wholly fails to
25 state a claim for infringement, and it must be dismissed.

26       For these reasons, and the reasons below, this Court should dismiss Plaintiff's
27 copyright infringement claim.

28 / / /

DEFENDANT  SOCIAL EDGE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED
COMPLAINT
268300709v.1                                                          2:21-cv-09562-PA-MRW

**B.**      **Plaintiff Fails to State A Plausible Claim for Infringement Because It Does Not Allege That CIQ Engaged in Bodily Appropriation of Its Biographical Compilations**

*Even if* Plaintiff has sufficiently alleged ownership of a collection of celebrity profiles (CIQ asserts it has not), and even if those profiles were entitled to some degree to protection (which CIQ does not admit), Plaintiff still fails to state a plausible claim for copyright infringement against CIQ because it cannot allege that CIQ engaged in "bodily appropriation of expression or unauthorized use of substantially the entire" work. *See Experian Info. Solutions, Inc. v. Nationwide Marketing Servs Inc.*, 893 F. 3d 1176 (9th Cir. 2018). In *Experian*, the Ninth Circuit affirmed a defense summary judgment relating to infringement of plaintiff's copyrights in compilations of consumer data. There, the plaintiff created a database of 250 million consumer records that it had compiled from various sources, each of which included name, address, age, earnings, purchase habits, and behavior predictions. It alleged the defendant infringed the name and address combinations based on plaintiff's analysis showing that defendant's database of 200 million records was at least a 90% match of plaintiff's name and address portion of its database. *Id.* The Ninth Circuit explained, "infringement cannot be based on a showing that only a part of the work has been copied. In the context of factual compilations, we have held that infringement should not be found in the absence of 'bodily appropriation of expression,' or 'unauthorized use of substantially the entire item.'" *Id.* Ultimately, the Court found that copying of 80% of plaintiff's name and address was "insufficient to establish bodily appropriation of Experian's work." *See also Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group, a Div. Reed Elsevier Group, PLC*, 463 F.3d 478 (6th Cir. 2006) (finding no infringement where defendant allegedly copied 350 of 576 forms because "[s]ixty-one percent can hardly be considered the 'same' selection").

Here, Plaintiff has not revealed the content of its "database" or provided CIQ

9

or the Court its copyright registrations deposit materials.  Guided by *Experian*, Plaintiff fails to plead a plausible claim that CIQ infringed Plaintiff's alleged copyright in tens of thousands celebrity profiles because Plaintiff does not allege CIQ engaged in "bodily appropriation" of Plaintiff's alleged works.  Nine instances of alleged infringement – with 1-3 cropped sentences to assert similarity of facts – out of a database of "tens of thousands" of supposed works, which is less than 1%, is not bodily appropriation.  This is a separate ground on which the Court should dismiss the copyright infringement claim.

C.   **Plaintiff Fails to State a Plausible Claim for Infringement Because the Parties' Works Are Not Virtually Identical or Even Substantially Similar.**

Finally, as to the nine profiles alleged in the Amended Complaint, Plaintiff fails to state a plausible claim for infringement because, when compared as a whole – and not as misleadingly cropped in the Amended Complaint – the lack of even substantial similarity in ***protectable*** expression warrants dismissal.

In determining infringement, Courts use two standards in making the comparison: (1) "virtually identical" standard if there is only a narrow or thin range of expression, which warrant "thin" protection only; and (2) "substantially similar" standard where the range of the possible expression of the underlying idea is "broad." *Mattel, Inc. v. MGA Entertainment, Inc*. (9th Cir. 2010) 616 F.3d 904, 913-14 (quoting *Apple Computer, Inc. v. Microsoft Corp*. (9th Cir. 1994) 35 F.3d 1435, 1439, 1446-47.

1.   **Plaintiff's work warrants only "thin" protection.**

In a 9-0 opinion, the U.S. Supreme Court held that the copyright in a factual compilation is thin. *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349 (1991). *See also Experian*, *supra*, 893 F.3d at 1179 ("The scope of protection in fact-based works is severely limited. The facts themselves can be copied at will."). Given that the copyright protection of a factual compilation is thin, the works like FB

Profiles and CIQ Profiles, which are compilations of fact, must be virtually identical in order for Plaintiff to make out a plausible claim for infringement. *Cub Club Investment, LLC v. Apple Inc.*, Case No. 21-cv-06948-VC, 2022 WL 469378 at *1 (N.D. Cal. Feb. 16, 2022).

Plaintiff's FB Profiles are merely a compilation of facts that include biographical information, popularity rankings, etc. FAC, Dkt. 39 ¶17. Plaintiff touts that its celebrity record contains "data," including profession and various social media handles, which are just facts. Dkt. 39-6, pg. 4. The full page of each of the nine profiles offered by Plaintiff all have the same layouts of three rows of all or mostly facts (See Ready Decl. ¶5, Ex. 1 through 9; RJN Nos.1 through 9). More specifically, the layouts are as follows:

- the top row has the photo, or a place holder for a photo, on the left column; name and the profession under the name in the middle column, and birthdate, birthplace, age, and birth sign on the right, which are all facts;

- the middle row has Popularity rankings in various categories on the left, which are data or facts; and the five sections of alleged biographical information, namely "About," "Before Fame," "Trivia," "Family Life," and "Associated With" (FAC, Dkt. 39 ¶20) on the right, which compile and categorize facts about the person being featured.

- the bottom row shows sections for "Member of," "Fans also viewed," and photos of other celebrities with the same birth month and other birth signs, which are all facts.

In other words, Plaintiff simply made an arrangement of three rows and two to three columns in each row with almost exclusively unprotected, preexisting, factual material. Even the middle row of Plaintiff's FB Profiles, which Plaintiff identifies as a market differentiator and key to their infringement claim, does nothing more than categorize facts. (*See* FAC, Dkt. 39 ¶ 20.) For example, the "About" section provides facts about the person leading to their celebrity; the "Before Fame"

section provides factual background of an individual before becoming famous; the "Trivia" section provides "interesting" facts about the person; the "Family Life" section lists a person's family members, which are facts; and the "Associated With" section provides an identification of others the person is associated with, which are facts. See Ready Decl. ¶5, Ex. 1 through 9; RJN Nos. 1 through 9.  Simply put, Plaintiff's FB Profiles are merely a compilation work of biographical information by Plaintiff, which warrants only thin protection. 17 U.S.C.S. § 103(b); *Feist Publ'ns, Inc.*, *supra,* 499 U.S. at 342; *Cub Club Investment, LLC, supra,* 2022 WL 469378 at *1.

Moreover, Plaintiff's use of the short phrases or titles "About," "Trivia," or "Associated with" in its FB Profiles are not entitled to copyright protection at all. *Pelt v. CBS, Inc.* (C.D.Cal. Oct. 25, 1993, No. CV-92-6532 LGB (SHx)) 1993 U.S.Dist.LEXIS 20464, at *1.). Neither are ordinary phrases. *Hall v. Swift* (C.D.Cal. Feb. 13, 2018, No. CV 17-6882-MWF (ASx)) 2018 U.S.Dist.LEXIS 43575, at *17.

Because Plaintiff's compilation is entitled to thin protection, CIQ's Profiles must be virtually identical to Plaintiff's FB Profiles to maintain a claim for copyright infringement. A comparison of Plaintiff's FB Profiles with CIQ Profiles demonstrate it is patently clear the two works are **not** virtually identical but conspicuously dissimilar. See Ready Decl. ¶5, Ex. 1 through 18, Ex. 19; RJN Nos. 1 through 18. First, CIQ Profiles do not have three rows - they have one row with a photo on the left and biographical information on the right. Second, CIQ Profiles' biographical information is *not* divided into columns or categorized into the five sections as in Plaintiff's FB Profiles, i.e. "About," "Before Fame," "Trivia," "Family Life," and "Associated With". (Dkt. 39 ¶20) and instead provides the biographical facts immediately below the name of the person and the number of connection right next to those facts. Underneath the biographical facts and the number of connections are tabs or hyperlinks to "RECENT POSTS," "KEY METRICS," "AUDIENCE," "SIMILAR   CREATORS,"   "BRANDS   AND   HASHTAGS,"   "GROWTH

HISTORY," "PROFILE," and "GAMING." But most importantly, **the overall look and feel of CIQ Profiles and Plaintiff's FB profiles are not virtually identical (or substantially similar, as discussed below), and are in fact, noticeably dissimilar.** Collectively, the clear distinctions between Plaintiff's FB Profiles and CIQ Profiles is more than sufficient to warrant dismissal of Plaintiff's copyright infringement claim as a matter of law.

Because Plaintiff's FB Profiles, entitled to thin protection only, and CIQ Profiles are not virtually identical, Plaintiff's claim for Copyright Infringement must fail.

### 2.   Plaintiff's copyright infringement claim also fails under the substantially similar standard.

Even if Plaintiff's profiles warrant broad protection, which they do not, its FB Profiles and CIQ Profiles are not substantially similar under the Ninth Circuit's extrinsic test to support a copyright infringement claim.

To survive a motion to dismiss of a copyright infringement claim for works that warrant broad protection, a plaintiff must allege that the defendant copied enough of the protected expression such that two works are "substantially similar," in order to establish, as alleged in this case, illicit copying or unlawful appropriation. *Rentmeester v. Nike, Inc.* (9th Cir. 2018) 883 F.3d 1111, 1115.

Determining whether works are substantially similar involves a two-part analysis consisting of the "extrinsic test" and the "intrinsic test." *Rentmeester, supra,* 883 F.3d at 1118.  To prevail, a plaintiff must prove substantial similarity under both tests.  *Id.*  However, at the pleading stage, only the extrinsic test is available to this Court to rule on the motion to dismiss. *Id.*  "The extrinsic test assesses the objective similarities of the two works, focusing only on the ***protectable*** elements of the plaintiff's expression." *Id.,* at 1115 (emphasis added). The process necessarily requires the court to "filter out the unprotectable elements of the plaintiff's work" and compare the protectable elements that remain to corresponding elements of the

1   defendant's work to assess similarities in the objective details of the works. *Id.,* at
2   1115. Because Plaintiff's Profiles are a compilation work of facts only, the
3   protectable elements are limited to the original selection or arrangement of facts, not
4   the facts themselves. *Feist Publ'ns, Inc. supra,* 499 U.S. at 342.

5           Plaintiff cannot state a plausible claim because it cannot allege that CIQ used
6   the same selection or arrangement as Plaintiff. The review of the nine Plaintiff's FB
7   Profiles (Ready Decl., ¶ ; RJN Nos. 1-9) and CIQ Profiles in the Amended
8   Complaint in paragraphs 37 and 38 compels a finding that they are not substantially
9   similar in terms of content, layout, factual details included, colors, or imagery. Even
10  the selection and arrangement of the factual information in the profiles is very
11  different. As just one example, below are screen captures of a portion of Plaintiff's
12  FB Profile of Chelsea Yamase and CIQ Profile of the same person.  *See* FAC, Dkt.
13  39 ¶37; Ready Decl., ¶5, Ex. 2 ; RJN No. 2.

14  / / /
15  / / /
16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / //
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



**Plaintiff's biography of Chelsea Yamase** (Ready Decl., ¶5, Ex. 2; **RJN, No. 2**)

16
17
18
19
20
21
22
23
24
25



**CIQ's allegedly infringing bio of Chelsea Yamase (FAC, Dkt. 39 ¶37)**

26        For example, the most obvious is the photo, which are completely different in

27

28  the two works. Critically, Plaintiff alleges that it presents its biographies using a

DEFENDANT  SOCIAL EDGE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED
268300709v.1                                    COMPLAINT                              2:21-cv-09562-PA-MRW

unique "five part" format (FAC, Dkt. 39 ¶20), which CIQ clearly does not use (and is not alleged to use).  Beyond that,  Plaintiff includes birthdate, birthplace, and age in the top row, on the right column, while CIQ places these commonplace facts immediately under the individual's name.  Plaintiff includes a "Popularity" matrix; CIQ does not have one. Plaintiff has a section of text that includes the headings "About," "Before Fame," "Trivia," "Family Life," and "Associated With."  CIQ does not use those headings or include lengthy text section. CIQ includes various "categories of interest" not present in Plaintiff's profiles. When the Court compares the profiles under the extrinsic test, as it must, it compels the conclusion that parties' respective profiles are substantially different, not similar.

The only arguable similarity in the parties' respective profiles is the factual statement under "About" in Plaintiff's Profiles, taking up 2 or 3 lines in the right column of the middle row, sharing the space with four other sections. Dkt. 39 ¶20. The About section of Plaintiff's Profile for Chelsea Yamase states:

> "Athlete and model whose adventurous outdoor lifestyle has earned her an Instagram following totaling more than 600,000. She compiles her photography and writings on her personal blog, The Adventurers Collective.  She was raised on the Hawaiian island of Kauai."

In the Amended Complaint, Plaintiff gives the Court no basis to determine what, if anything, in those short sentences Plaintiff claims is original to it (much less protected by one of its copyright registrations).  Plaintiff cannot protect the facts that Ms. Yamase is an athlete and model (which she reveals on her own Instagram page), the number of her Instagram followers, that she compiles her photography and writings on her personal blog, the name of Ms. Yamase's blog, or where she was raised (on the Hawaiian island of Kauai).

Nor does the common use of ordinary phrase "adventurous outdoor lifestyle" for an individual who engages in such a lifestyle comprise a basis of copyright infringement. Ordinary phrases are not entitled to copyright protection. *Narell v.*

*Freeman* (9th Cir. 1989) 872 F.2d 907, 911. Furthermore, the expression of an idea could be protected only if it was original to the work, but not if it is inevitable in the presentation of that idea. *Corbello v. Valli* (9th Cir. 2020) 974 F.3d 965, 978 (the phrase "social movement" to describe what Beatles did is a concept unprotected by copyright).

The same reasoning applies to the other eight FB Profiles provided by Plaintiff in the Amended Complaint (*see* Ready Decl. ¶5, Ex. 1-9; RJN, No. 1-9).

- <u>Jacob Riglin</u> (Instagram Photographer): "Photographer and rooftopper who rose to fame with his life-risking photography. He shares his work on Instagram, which has gained over 1 million followers."

  (Mr. Riglin's profession as a photographer and rooftopper is a fact. So is how he rose to fame by life-risking photography and the statement that he shares his work on Instagram with over 1 million followers.)

- Lauren Block (Blogger): "Blogger known for writing travel and fashion entries. She also gained a following on Instagram under her gypsea_lust account, posting her pictures from around the world.

  (What Ms. Blogger is known for and her Instagram Id. and what she posts are facts.)

- J.D. Witherspoon (YOUTUBE STAR): "YouTuber, actor, comedian and gamer known for his WhoisUTV and runJDrun channels. He is a skilled impressionist and has dabbled in rap as well.

  (Again, Mr. Withespoon's profession, what he is known for or his talent are just a recitation or short amalgam of facts.)

- Daz Black (YOUTUBE STAR): "YouTube star with over 7 million subscribers on his Daz Games channel. He has another popular YouTube channel called Daz Black. He first found success on Vine, creating funny characters by the name of Tea Party, Happy Cloud, and Predator.

  (His status as a YouTube star, the number of subscribers on his channel

17

are facts, not something Plaintiff created. his success on Vine or the name of his characters are facts.)

- Exploring With Josh (YOUTUBE STAR): "YouTube content creator who video-blogs his explorations of abandoned places and buildings, sometimes in places that turn out to be horrifying. His most popular videos involve him exploring abandoned federal gold exchange banks, schools, theme parks and more. He has over 4.2 million subscribers.

  (What he does on YouTube or what he does on his most popular video are just a recitation of facts).

- Brad Lemon (YOUTUBE STAR): Comedy gamer best known by his YouTube channel name TheGamingLemon who most frequently publishes videos relating to the hit video game Grand Theft Auto.

  (How Mr. Lemon is known or what he does on YouTube are facts.)

- Cristiano Ronaldo: One of the top soccer players in the world, he rose to fame as a forward for Real Madrid after being acquired from Manchester United for a $131.6 million transfer fee in 2009. He became captain of the Portuguese national team in 2008 and received the Ballon d'Or in 2008, 2013, 2014, 2016 and 2017. In 2018, he signed with Juventus. He was signed to return to Manchester United in 2021.

  (What Ronaldo is known for or his achievements and salary are known facts.)

- Chloe Flower (Composer): Classical pianist and composer known as a contemporary instrumentalist, she began her rise to fame after being featured on albums by Nas, Celine Dion, and Timbaland.

  (Ms. Flower's profession and historical data of how she rose to fame are just facts.)

As such, even the biographies under "About" in Plaintiff's FB Profiles are recitation of facts of one's profession or historical facts of how or how much he or

18

DEFENDANT SOCIAL EDGE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT
268300709v.1                                                    2:21-cv-09562-PA-MRW

1   she is famous, without any creativity involved or inclusion of any creative or

2   descriptive adjectives interspersed with unprotectible facts, which does not create a

3   case for copyright infringement. n other words, these sentences make statements of

4   known facts, rather than being descriptive or being creative about each person.

5      Overall, the non-protectability of facts in a compilation work, with thin

6   protection, vast **differences** in the asserted and accused profiles, and lack of

7   similarity in protectable expression, including selection and arrangement of facts,

8   demonstrate that Plaintiff cannot plausibly state a claim for copyright infringement

9   as to Plaintiff's nine FB Profiles.  The Court should dismiss Plaintiff's Copyright

10  Infringement claim.

11  **V.   PLAINTIFF FAILS TO STATE A COMPUTER FRAUD AND ABUSE**

12  **ACT OR CALIFORNIA STATE LAW CLAIM.**

13     Plaintiff alleges that CIQ accesses Famous Birthdays' computers to copy

14  Famous Birthdays' biographies" (Dkt. 35, ¶68) and that CIQ has "knowingly and

15  without permission taken, copied, and made use of data from Famous Birthdays'

16  computer, computer system, or computer network, as well as taken and copied

17  related data, in violation of § 502(c)(2)"  Dkt. 35, ¶78. Even accepting as true for

18  purposes of this motion that CIQ copied Plaintiff's website (which it does not admit),

19  that is *not* a violation of the CFAA.

20     The CFAA is an anti-hacking statute and the "Ninth Circuit has favored an

21  interpretation of the statute that 'maintains the CFAA's focus on hacking rather than

22  turning it into a sweeping Internet-policing mandate.'"  *Brodsky v. Apple Inc.*, 445

23  F. Supp. 3d 110, 129 (N.D. Cal. 2020) (quoting *United States v. Nosal*, 676 F.3d

24  854, 858 (9th Cir. 2012) (*en banc*)).   As the Northern District of California

25  explained, accessing a publicly accessible website and scraping data from it likely

26  does not violate the CFAA because it cannot be said that the defendant "accessed"

27  the data "without authorization."  *hiQ Labs, Inc. v. LinkedIn Corp.*, 273 F. Supp. 3d

28  1099, 1113 (N.D. Cal. 2017), *aff'd and remanded*, 938 F.3d 985 (9th Cir. 2019), *cert.*

19

DEFENDANT  SOCIAL EDGE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED
COMPLAINT
268300709v.1                                                        2:21-cv-09562-PA-MRW

1    *granted, judgment vacated*, 141 S. Ct. 2752, 210 L. Ed. 2d 902 (2021) ("hiQ's

2    circumvention of LinkedIn's measures to prevent use of bots and implementation of

3    IP address blocks does not violate the CFAA because hiQ accessed only publicly

4    viewable data not protected by an authentication gateway")[1]; *see also Sandvig v.*

5    *Sessions*, 315 F. Supp. 3d 1, 27 (D.D.C. 2018). ("Scraping or otherwise recording

6    data from a site that is accessible to the public is merely a particular use of

7    information that plaintiffs are entitled to see. The same goes for speaking about, or

8    publishing documents using, publicly available data on the targeted websites").

9      Beyond its failure to allege that "hacking" occurred, visiting a publicly-

10    available website cannot reasonably be found to fall under the category of hacking,

11    and consistent with the rationale in *hiQ*, cannot be said to violate the CFAA. Thus,

12    this claim is implausible as well.[2]

13      Plaintiff's California Penal Code § 502 claim fails for the same reason its

14    CFAA claim fails – accessing Plaintiff's public website to obtain biographical

15    information does not violate the statute. ("For the same reasons, the Court concludes

16    that hiQ has raised serious questions about whether provisions of the California

17    analog to the CFAA, referring to unauthorized access apply to the conduct here…the

18    Court similarly concludes there are serious questions about whether these provisions

19    criminalize viewing public portions of a website.") (citing *Chrisman v. City of Los*

20    *Angeles*, 155 Cal.App.4th 29, 34, 65 Cal.Rptr.3d 701 (2007) (noting that "[s]ection

21    502 defines 'access' in terms redolent of 'hacking' or breaking into a computer")).

22      If the Court finds otherwise, then ***any*** instance in which a defendant is accused

23

24    [1] The Ninth Circuit's affirmance of this decision was vacated by the Supreme Court and the case remanded in light of

25    *Van Buren v. U. S.*, 593 U.S. ——, 141 S.Ct. 1648, 210 L.Ed.2d 26 (2021), which addresses a different issue (whether a CFAA violation occurs when one has authorization to access a computer, but then does so for an improper purpose). The case is awaiting a new decision on remand. However, that remand should have no impact on the reasoning of the

26    decision that accessing a public website likely does not violate the CFAA.

     [2] To the extent Plaintiff claims that the end of the licensing agreement between the parties served as revocation of

27    permission for CIQ to access its data, this likewise does not state a claim for violation of the CFAA. *See Brodsky*,

     445 F. Supp. 3d 129 (revocation of access through one method cannot state a claim for violation of the CFAA if the

28    plaintiff did not revoke authorization for other means of access). Here, Plaintiff does not allege that it revoked

     CIQ's authorization to access its public website.

DEFENDANT  SOCIAL EDGE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED
COMPLAINT

of copying text or images from a public website (as opposed to a book or printed material) would also result in violation of the CFAA and Section 502. ***That is, and would be, unprecedented.***

Finally, Plaintiff asserts a claim for violation of California's Unfair Competition Law. Since Plaintiff has not stated a viable cause of action on any of its other claims, it does not state a plausible claim that CIQ engaged in any "unlawful, unfair, or fraudulent business act or practice."

## VI.   PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR BREACH OF CONTRACT UNDER CALIFORNIA LAW.

Federal Courts in California apply California law for a breach of contract action. *See generally Scott v. Bluegreen Vacations Corp.,* No. 1:18-CV-649 AWI EPG, 2018 U.S. Dist.LEXIS 198840, at *5 (E.D. Cal. Nov. 20, 2018). In California, the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) defendant's breach, (3) plaintiff's performance or excuse for nonperformance, and (4) the resulting damages to the plaintiff. *Id*. (citing *Oasis W. Realty, LLC v. Goldman*, 51 Cal.4th 811, 821, 124 Cal. Rptr. 3d 256, 250 P.3d 1115 (2011)). In the Ninth Circuit, "to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt v. Yelp! Inc.,* 765 F.3d 1123, 1135 (9th Cir. 2014).

Here, Plaintiff fails to plead sufficient allegations of underlying facts to state that CIQ breached any contract. First, Plaintiff fails to state what data was used by CIQ in breaching the contract. In fact, the contract itself is silent what "data" means. In addition, as stated in detail above, the biographies, which Plaintiff allege Defendant copied, were facts generally available on the Internet, not necessarily the "data" from Plaintiff.

Separately, Plaintiff fails to plead any facts that it performed under the

21

contract or is excused for nonperformance.  Courts have granted motions to dismiss when Plaintiff merely recites the "plaintiff's performance" element for breach of contract in California because it "does not pass muster to state a claim under Ninth Circuit precedent." *Scott, supra,* 2018 U.S.Dist.LEXIS 198840, at \*5; *see also Martinez v. Welk Grp., Inc.*, 907 F. Supp. 2d 1123, 1131 (S.D. Cal. 2012) (finding a breach of contract claim failed under the 'plaintiff performance' element as it was unclear "how [plaintiff] has performed all obligations under the contract or [was] otherwise excused from performing such obligations.").  In addition, Plaintiff's performance or excuse for performance is a "condition precedent" that must be performed before the contractual right accrues or the contractual duty arises. *Stephens & Stephens XII, LLC v. Fireman's Fund Ins. Co.* (2014) 231 Cal. App.4th 1131, 1147. *See also Airport Rd. Dev., LLC v. Lithia Real Estate, Inc.* 2009 U.S.Dist.LEXIS 58747, at \*30-31 (E.D. Cal. July 10, 2009). Further, Plaintiff's failure to satisfy a condition precedent is an affirmative defense to a breach of contract claim. *See Cuyuma v. Corona Seeds, Inc.,* No. CV 17-8220-DMG (SKx), 2019 U.S. Dist. LEXIS 74625, at \*5 (C.D. Cal. Feb. 20, 2019).

Here, Plaintiff did not even bother to recite the performance element. Nothing in the Amended Complaint suggests that Plaintiff provided all the data and its subsets it agreed to provide. In addition, it is illogical to accuse Defendant that it would continue to use "daily updates" of the celebrity's popularity from 2018 on Defendant's website after the termination of the parties' agreement. It is outdated and is no longer useful to anyone.

Because Plaintiff does not plead all the requisite elements for a Breach of Contract action in California, this claim too must be dismissed.

## VII.   PLAINTIFF CANNOT RECOVER STATUTORY DAMAGES OR ATTORNEYS FEES UNDER 17 U.S.C. § 412

In its Prayer for Relief, Plaintiff claims entitlement to statutory damages and attorneys' fees.  (Dkt. 39, ¶62.)  However, Plaintiff is not entitled to such recovery

as a matter of law.  As the Copyright Act states, no award for statutory damages or attorney's fees can issue for (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.  17 U.S.C. § 412.

For purposes of statutory damages Plaintiff is only entitled to a single award "for all infringements involved in the action, with respect to any one work," and "all the parts of a compilation or derivative work constitute one work."  17 U.S.C. § 504.

Here, Plaintiff pled ownership of three registrations:

- 2018 Registration for an "unpublished collection" of "famousbirthdays.com celebrity profiles" (Dkt. 39-2, Ex. B);
- 2021 Registration for a derivative works comprising additional text completed in 2021 (Dkt. 39-1, Ex. A);
- Knowing that CIQ was moving to dismiss its statutory damages and attorney's fees, Plaintiff recently filed a third registration for "Famousbirthdays.com **select** celebrity details" with the Year of Completion of 2018 and Date of 1st Publication of March 22, 2018. (Dkt. 39-3, Ex. C).

Regardless, Plaintiff is not entitled to statutory damages or attorneys' fees because the alleged infringement commenced ***prior to*** the effective date of earliest registration, here October 1, 2018.  Dkt. 39-2, Ex. B. (copyright registration); s*ee Zito v. Steeplechase Films, Inc.,* 267 F. Supp. 2d 1022, 1025 (N.D. Cal. 2003) ("because the photograph at issue was unpublished and unregistered at the time of the alleged infringement, plaintiff is precluded from recovering statutory damages and attorney's fees under 17 U.S.C. § 412.").

Here, Plaintiff alleges that CIQ infringed its celebrity profiles by placing copies of them in marketing materials on CIQ's website.  Dkt. 39, ¶31. According

to Plaintiff's own allegation, CIQ continued to use Plaintiff's data on CIQ's platform even after termination of the Agreement in **August 2018**. Dkt. 39, ¶93. This date is prior to the effective date of the 2018 Registration in October of Plaintiff's alleged unpublished collection of biographies.  As such, Plaintiff is not entitled to statutory damages or attorneys' fees as a matter of law.

The 2022 Registration does not help Plaintiff.  Assuming, *arguendo*, that Plaintiff did complete some select celebrity details in 2018 and published them on March 22, 2018 and that CIQ infringed those details (which it does not admit, whatever those unspecified details may be), Plaintiff is still not entitled to statutory or attorney's fees under 17 U.S.C. § 412(2) as Plaintiff failed to register them within three months after the publication of those details. The registration date is nearly 4 years later, in 2022.

It is immaterial that Plaintiff alleges multiple instances of infringement of the same work, even if any of those instances occurred *after* the effective registration date of October 1, 2018.  *See Por Los Rios, Inc. v. Lions Gate Ent., Inc.*, No. 2:13-CV-7640-CBM-PLA, 2014 WL 12605374, at *3 (C.D. Cal. May 21, 2014) ("The first infringement by a defendant of copyrighted material marks the 'commencement' for future infringements by that defendant of the same copyrighted material; this is true even if the infringement is not identical in product or legal form…if the 'first act' of alleged infringement for each Statutory Work preceded registration, Plaintiffs' claims for statutory damages and attorney's fees are barred as a matter of law").  In *Por Los Rios*, the plaintiff claimed that the defendant had engaged in different forms of infringement of the same work both before and after registration, including later creation of derivative works.  The Court dismissed the plaintiff's claim for entitlement to statutory damages because "The key is whether continuing infringements are of the same copyrighted material and by the same defendants." *Por Los Rios*, 2014 WL 12605374, at *5; *see also Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc.*, 832 F. Supp. 1378, 1393 (C.D. Cal. 1993) ("the

first act of infringement in a series of ongoing separate infringements 'commence[s]' one continuing 'infringement' under Section 412(2)").

The Complaint alleges infringement of Plaintiff's "famousbirthdays.com biographies," covered by its October 2018 registration and 2021 derivative registration. According to Plaintiff, the first act of the alleged infringement occurred in August 23, 2018, the date of termination of the contract between the parties (Dkt. No. 39, ¶¶ 59, 60, and 93), before the date of registration. The alleged infringement commenced two months prior to the effective date of registration of the unpublished biographies. Even if any of the biographies had been published, unknown at this time, Plaintiff neglected to register them until 2022, after filing of this law suit. For these reasons, Plaintiff is not entitled to statutory damages or attorneys' fees as a matter of law.

## VIII. CONCLUSION

For these reasons, the Court should dismiss Plaintiff's Amended Complaint in its entirety, and should find that Plaintiff is not entitled to statutory damages or attorneys' fees. Because no amended pleading would cure the deficiencies in the Amended Complaint, dismissal should be with prejudice.

Dated: March 14, 2022

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

By: _/s/ Marty B. Ready_
Marty B. Ready
Jura C. Zibas
Attorneys for Defendant
SOCIAL EDGE. INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2022, I electronically filed the foregoing through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List.

*/s/ Marty B. Ready, Esq.*

Marty B. Ready, Esq.