## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 21-9562 PA (MRWx) | Date | April 15, 2022 |
|---|---|---|---|
| Title | Famous Birthdays, LLC v. SocialEdge, Inc. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

None                                      None

**Proceedings:**          IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss filed by defendant SocialEdge, Inc. doing business as CreatorIQ ("Defendant" or "CreatorIQ") (Docket No. 48). Defendant challenges the sufficiency of the First Amended Complaint ("FAC") filed by plaintiff Famous Birthdays, LLC ("Plaintiff" or "Famous Birthdays"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for April 18, 2022 is vacated, and the matter taken off calendar.

## I.    Factual and Procedural Background

Plaintiff alleges in its FAC that it offers original biographies of celebrities and influencers through its online search engine. According to the FAC, it developed its social media platform in 2012 and receives millions of monthly users. Plaintiff obtained Copyright registrations for its biographies in October 2018, October 2021, and February 2022. Plaintiff alleges that its "original biographies are the backbone of its service" and "are all drafted by Famous Birthdays' staff giving them a consistent voice, framing, and level of quality." (Compl. ¶¶ 19-20.) The FAC alleges that in April 2018 Plaintiff entered into a license agreement with Defendant, a marketing platform, for access to Plaintiff's celebrity profiles and associated data. Defendant later terminated the agreement in August 2018 but Plaintiff alleges that Defendant remains in breach by displaying Plaintiff's biographies and other data on its platform. (Id. ¶¶ 30-36, 44.)

According to the FAC, Defendant is copying and displaying Famous Birthdays' biographies on its "closed platform" behind a "login interface" which Plaintiff cannot access. (Id. ¶¶ 36-39.) Nine samples from Defendant's marketing materials reproduced in the FAC show that CreatorIQ is displaying Plaintiff's copyrighted biographies. (Id.) Plaintiff alleges that the full extent of CreatorIQ's copying is unknown but estimates that Defendant features thousands of Famous Birthdays' biographies and also facilitates its customers unlawful use of that content. (Id. ¶¶ 41-42.) The FAC alleges that CreatorIQ "is illegally and without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9562 PA (MRWx) | Date | April 15, 2022 |
|---|---|---|---|

| Title | Famous Birthdays, LLC v. SocialEdge, Inc. |
|---|---|

authorization using Famous Birthdays' copyrighted material–tens of thousands of celebrity and influencer profiles . . . to promote and advance its business." (Id. ¶ 5.) As alleged in the FAC, Plaintiff's market position "would be stronger if CreatorIQ had not been utilizing Famous Birthdays' Works, thereby diverting traffic from [its] website." (Id. ¶ 51.)

The FAC asserts claims for: (1) copyright infringement pursuant to 17 U.S.C. § 501; (2) violation of the Computer Fraud and Abuse Act pursuant to 18 U.S.C. §§ 1030 et seq; (3) violation of the California Comprehensive Computer Data Access and Fraud Act pursuant to California Penal Code § 502 ; (4) unfair competition law claim pursuant to California Business and Professions Code § 17200; and (5) breach of contract. In its Motion to Dismiss, Defendant contends that the FAC does not sufficiently specify the biographies at issue or adequate registration under the Copyright Act and that copying data from public websites does not violate the computer crime statutes. Defendant further asserts that because some of Plaintiff's remaining claims are dependent upon the deficiently-pleaded statutory claims, or fail to plead required elements, those claims also fail.

## II.    Legal Standard

For purposes of a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9562 PA (MRWx) | | Date | April 15, 2022 |
|----------|----------------------|--|------|----------------|
| Title | Famous Birthdays, LLC v. SocialEdge, Inc. | | | |

A. Miller, <u>Federal Practice and Procedure</u> §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); <u>Daniel v. County of Santa Barbara</u>, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting <u>Burgert v. Lokelani Bernice Pauahi Bishop Trust</u>, 200 F.3d 661, 663 (9th Cir. 2000)).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal quotations omitted).

In construing the <u>Twombly</u> standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

**III.   Request for Judicial Notice**

Defendant requests that the Court take judicial notice of exhibits attached to the declaration of Marty B. Ready.  (Docket No. 48-1; Ready Decl.)  The exhibits contain screenshots of biographies from both Plaintiff's and Defendant's websites and includes side-by-side comparisons of the parties' celebrity profiles.  (See id.; Def.'s RJN Exs. 1-19.)  While the Court generally may not consider materials outside of the pleadings when resolving a motion to dismiss, it may consider matters that are properly the subject of judicial notice.  <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1076 (9th Cir. 2005).  A court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Plaintiff opposes a portion of Defendant's exhibits.  (Dkt. No. 53.)  Plaintiff contends that a subset, exhibits 10-19, contain celebrity profiles from Defendant's database which imposes a paywall.  According to Plaintiff, a lack of public accessibility precludes ascertaining its authenticity.  "Courts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute." <u>United States v. Ritchie</u>, 342 F.3d 903, 908-09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)).  Given concerns about authenticity and accuracy, the Court declines Defendant's request to take judicial notice of the information found on its website.  <u>Cf.</u> <u>Gerritsen v. Warner Bros. Ent. Inc.</u>, 112 F. Supp. 3d 1011, 1030 (C.D. Cal. 2015) ("Federal courts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9562 PA (MRWx) | Date | April 15, 2022 |
|---|---|---|---|
| Title | Famous Birthdays, LLC v. SocialEdge, Inc. | | |

considering the issue have expressed skepticism as to whether it is appropriate to take judicial notice of information or documents appearing on websites that are created and maintained by a party to the litigation.").

**IV.**   **Analysis**

**A.**   **Copyright Infringement Claim**

The elements of copyright infringement are: (1) ownership of a valid copyright and (2) unauthorized copying by the defendant of protected elements of the work.  See Rice v. Fox Broadcasting Co., 330 F.3d 1170, 1174 (9th Cir. 2003).  "Copying may be established by showing that the infringer had access to plaintiff's copyrighted work and that the works at issue are substantially similar in their protected elements." Cavalier v. Random House, Inc., 297 F.3d 815, 822 (9th Cir. 2002) (citing Shaw v. Lindheim, 919 F.2d 1353, 1356 (9th Cir. 1990)).  In determining if two works are substantially similar, the Ninth Circuit's test contains both an extrinsic and an intrinsic component.  Funky Films, Inc. v. Time Warner Entm't Co., 462 F.3d 1072, 1077 (9th Cir. 2006).  When assessing substantial similarity as a matter of law, "courts apply only the extrinsic test."  Id.  "[T]he intrinsic test, which examines an ordinary person's subjective impressions of the similarities between two works, is exclusively the province of the jury."  Id.

"'Substantial similarity' refers to similarity of expression, not merely similarity of ideas or concepts." Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc., 109 F.3d 1394, 1398 (9th Cir. 1997).  Only protected expression is relevant for purposes of assessing substantial similarity. See Shaw v. Lindheim, 919 F.2d 1353, 1361 (9th Cir. 1990); see also Smart Inventions, Inc. v. Allied Commc'ns Corp., 94 F. Supp. 2d 1060, 1066 (C.D. Cal. 2000) ("It is an axiom of copyright law that ideas are not protected.").  "[T]he party claiming infringement may place 'no reliance upon any similarity in expression resulting from' unprotectable elements." Apple Computer, Inc. v. Microsoft Corp., 35 F.3d 1435, 1446 (9th Cir. 1994) (quoting Aliotti v. R. Dakin & Co., 831 F.2d 898, 901 (9th Cir. 1987)).

In applying the extrinsic test, it is the plaintiff's burden to identify the sources of the alleged similarity between the plaintiff's work and the allegedly infringing work.  See Apple Computer, 35 F.3d at 1443.  Once the plaintiff has identified the alleged similarities, "[u]sing analytic dissection and, if necessary, expert testimony, the court must determine whether any of the allegedly similar features are protected by copyright."  Id.  In comparing these features, the Court must first filter out any "unprotectable elements."  Id.  "'Even if a copied portion be relatively small in proportion to the entire work, if qualitatively important, the finder of fact may properly find substantial similarity.'"  Shaw, 919 F.2d at 1363 (quoting Baxter v. MCA, Inc.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9562 PA (MRWx) | | Date | April 15, 2022 |
|---|---|---|---|---|
| Title | Famous Birthdays, LLC v. SocialEdge, Inc. | | | |

812 F.2d 421, 425 (9th Cir. 1987)).  Under the "inverse ratio" rule, a plaintiff may show infringement based on a lesser degree of similarity between the copyrighted work and the allegedly infringing work, if it can be shown that the defendant had access to the copyrighted work.  Id. at 1361; see also Rice v. Fox Broad. Co., 330 F.3d 1170, 1178 (9th Cir. 2003).

Here, the Court finds that Plaintiff has stated a claim sufficient to survive Rule 12(b)(6) dismissal.  Defendant contends that Plaintiff's copyright allegations are deficient because Plaintiff provides only nine examples of allegedly copyrighted profiles and speculates about thousands of other instances of infringement.  Plaintiff "need not allege the exact content that Defendants are suspected of copying at this stage of the proceedings."  See Facebook, Inc. v. Power Ventures, Inc., No. C 08-5780 JF (RS), 2009 WL 1299698, at *4 (N.D. Cal. May 11, 2009).  "Copyright claims need not be pled with particularity."  Perfect 10, Inc. v. Cybernet Ventures, Inc., 167 F. Supp. 2d 1114, 1120 (C.D. Cal. 2001); see, e.g., Mid America Title Co. v. Kirk, 991 F.2d 417, 421 (7th Cir.1993) (concluding that the "defendants were put on notice that compilation was at issue and shall have abundant opportunity to pursue the matter in detail through the discovery process").

Although Plaintiff speculates on how widespread the copying may be, Plaintiff describes the types of works that infringe its asserted copyright.  The FAC pleads non-speculative facts about where the infringing conduct can be found – and what Defendants infringed – Plaintiff's biographies.  That the extent of the copying is made on information and belief does not warrant dismissal at the pleading stage.  Defendant cites to no binding authority analogous to this case that found representative acts of infringement are insufficient at the pleading stage.  See Blizzard Ent., Inc. v. Lilith Games (Shanghai) Co., 149 F. Supp. 3d 1167, 1175 (N.D. Cal. 2015) ("The second Feist prong – whether a defendant has copied constituent elements of a protected work – does not require Plaintiffs to specify each and every instance of infringement at the pleadings stage.)  The FAC specifies what elements of Famous Birthdays' copyrighted biographies are allegedly infringed.

And contrary to Defendant's assertions, Plaintiff plausibly alleged that it owns a valid copyright in its biographies.  See Malibu Textiles, Inc. v. Label Lane Int'l, Inc., 922 F.3d 946, 952 (9th Cir. 2019) (finding that a complete deposit for registered works or registration materials of the copyright is not required at the pleading stage).  Attached to the FAC are exhibits presenting copyright registrations and the FAC alleges that the 2018 and 2021 registrations are for Plaintiff's "complete collection of written biographies as of the dates of [the] filing [of the FAC]."  (Compl. ¶ 22.)  See Nintendo of Am., Inc. v. Storman, No. CV197818CBMRAOX, 2020 WL 2463374, at *2 (C.D. Cal. Jan. 15, 2020) ("[T]he Complaint adequately alleges ownership by alleging Plaintiff holds registered copyrights for the subject works and identifying the copyright registration number and date for those works.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9562 PA (MRWx) | Date | April 15, 2022 |
|---|---|---|---|
| Title | Famous Birthdays, LLC v. SocialEdge, Inc. | | |

Defendant further contends that Plaintiff's failure to allege that CreatorIQ engaged in "bodily appropriation of expression" of Famous Birthdays' work is fatal to its claim. In Experian Info. Sols., Inc. v. Nationwide Mktg. Servs. Inc., the Ninth Circuit addressed on appeal from summary judgment "whether lists of names with addresses are copyrightable when they are the product of a sophisticated process to ensure accuracy and utility." 893 F.3d 1176, 1179 (9th Cir. 2018). The Ninth Circuit has "repeatedly recognized" that "when dealing with factual compilations, infringement cannot be based on a showing that only a part of the work has been copied. In the context of factual compilations, we have held that infringement should not be found in the absence of 'bodily appropriation of expression,' or 'unauthorized use of substantially the entire item.'" Id. at 1186 (quoting Harper House, Inc. v. Thomas Nelson, Inc., 889 F.2d 197, 205 (9th Cir. 1989) (citations omitted)). Assuming, without deciding, that this doctrine is applicable to the issues in this case, Plaintiff's allegations need not, at this stage, satisfy this principle. See Gladwell Gov't Servs., Inc. v. Cty. of Marin, 265 F. App'x 624, 626 (9th Cir. 2008) (Although [Plaintiff] has stated a claim sufficient to avoid a Rule 12(b)(6) dismissal, it is far from evident that it has a legitimate claim. The record is simply too undeveloped to make that conclusion.)

Finally, Defendant contends that Plaintiff fails to state a plausible claim because the parties' works are not virtually identical or substantially similar. As an initial matter, Defendants mischaracterize the scope of Plaintiff's infringement claim. The FAC references "biographies" as the source of the infringement. Even though it sometimes uses the term "profiles," as Plaintiff states, its allegations are limited to the biographies. To allege copyright infringement, Famous Birthdays must adequately allege unlawful appropriation and copying. Skidmore v. Led Zeppelin, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc).

The Court finds that Plaintiff sufficiently alleged that Defendant's works are substantially similar to its representative works described in the FAC. Although Plaintiff does not provide a textbook side-by-side comparison of its biographies with Defendant's biographies, the allegations are sufficient at this stage. Importantly, Defendant acknowledges the potential similarity between Plaintiff's biographies and its own factual compilations. Based on the limited record and the scope of Plaintiff's infringement claim, the Court cannot determine whether, as a matter of law, the substantial similarity test has been met. Because Plaintiff's FAC plausibly alleges the elements to support its copyright infringement claim, the Court denies Defendant's Motion to Dismiss that claim.

**B.    Computer Fraud and Abuse Act ("CFAA") Claim**

"The CFAA prohibits a number of different computer crimes, the majority of which involve accessing computers without authorization or in excess of authorization, and then taking

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 21-9562 PA (MRWx) | Date | April 15, 2022 |
|----------|----------------------|------|----------------|

| Title | Famous Birthdays, LLC v. SocialEdge, Inc. |
|-------|-------------------------------------------|

specified forbidden actions, ranging from obtaining information to damaging a computer or computer data." Andrews v. Sirius XM Radio Inc., 932 F.3d 1253, 1263 (9th Cir. 2019); see id. ("[T]he CFAA is 'an anti-hacking statute,' not 'an expansive misappropriation statute.'" . Plaintiffs allege violations of several subsections of the CFAA.")  Famous Birthdays alleges several violations of CFAA subsections.  See 18 U.S.C. § 1030(a)(1)-(7) (2004).

To prevail on a claim for under 18 U.S.C. § 1030(g) based on a violation of 18 U.S.C. § 1030(a)(2), Plaintiff must show that Defendant: (1) intentionally accessed a computer, (2) without authorization or exceeding authorized access, and that it (3) thereby obtained information (4) from any protected computer (if the conduct involved an interstate or foreign communication), and that (5) there was loss to one or more persons during any one-year period aggregating at least $5,000 in value.  See Brekka, 581 F.3d at1132.  To bring an action successfully under § 1030(g) based on a violation of § 1030(a)(4), Plaintiff must show that Defendant: (1) accessed a "protected computer," (2) without authorization or exceeding such authorization that was granted, (3) "knowingly" and with "intent to defraud," and thereby (4) "further[ed] the intended fraud and obtain[ed] anything of value," causing (5) a loss to one or more persons during any one-year period aggregating at least $5,000 in value.  See id. (internal quotations and citations omitted).

Defendant argues that accessing a publicly-available website and scraping data does not violate the CFAA.  In support of its argument, Defendant relies on hiQ Labs, Inc. v. LinkedIn Corp., which reviewed a similar issue in the context of a preliminary injunction.  938 F.3d 985, 1003–04 (9th Cir. 2019), cert. granted, judgment vacated, 141 S. Ct. 2752, 210 L. Ed. 2d 902 (2021) ("It is likely that when a computer network generally permits public access to its data, a user's accessing that publicly available data will not constitute access without authorization under the CFAA. The data hiQ seeks to access is not owned by LinkedIn and has not been demarcated by LinkedIn as private using such an authorization system. HiQ has therefore raised serious questions about whether LinkedIn may invoke the CFAA to preempt hiQ's possibly meritorious tortious interference claim.")

The Court declines to reach the issue at this stage of the litigation.  Moreover, Defendant's briefing does not address all of Plaintiff's alleged violations of the CFAA subsections.  For all of these reasons, the Court concludes that Plaintiff's FAC does state a CFAA claim.  The Court therefore denies Defendant's Motion to Dismiss that claim.

### C.    Comprehensive Computer Data Access and Fraud Act ("CDAFA") Claim

California Penal Code section 502 imposes liability on a person who "[k]nowingly accesses and without permission takes, copies, or makes use of any data from a computer,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9562 PA (MRWx) | Date | April 15, 2022 |
|---|---|---|---|
| Title | Famous Birthdays, LLC v. SocialEdge, Inc. | | |

computer system, or computer network, or takes or copies any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network." Id. § 502(c)(2); Facebook, Inc. v. Power Ventures, Inc., 844 F.3d 1058, 1069 (9th Cir. 2016). The statute is different than the CFAA. See id. "Access" is defined as "to gain entry to, instruct, . . . or communicate with, the logical, arithmetical, or memory function resources of a computer, computer system, or computer network." Cal.Penal Code § 502(b)(1). Plaintiff pleads violations of multiple CDAFA subsections.

Here, the parties dispute whether (1) Defendant had implied authorization to access Plaintiff's computers and (2) post-termination of the license agreement CreatorIQ knew it no longer had permission to access Famous Birthdays' computers at all. Resolution of these claims entail factual determinations that are inappropriate at this early stage. Accordingly, the Court denies Defendant's Motion to dismiss Plaintiff's claim.

### D.   UCL Claim

Defendant seeks to dismiss Plaintiff's UCL claim on the ground that Plaintiff has not stated a viable claim under any prong of the statute. The Court disagrees. Plaintiff's UCL claim does not reference the alleged copyright and computer crime violations specifically, but it does incorporate all the prior allegations in the pleading by reference. (See FAC ¶ 84.) Otherwise, the UCL count alleges that Defendant has engaged in "unlawful, unfair, and/or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising" in violation of the UCL.

Plaintiff's UCL claim is at least based on all the prior causes of action including the copyright allegations, and the CFAA and CDAFA claims, and those prior claims can be construed to form separate and independent bases for the UCL claim. For all of these reasons, the Court concludes that Plaintiff's FAC states a UCL claim. The Court therefore denies Defendant's Motion to Dismiss the UCL claim.

### E.   Contract Claim

"In order to establish liability on a claim for breach of contract, Plaintiff[ ] must be able to establish that (1) there was a contract, (2) Plaintiff['s] performance or excuse for nonperformance, (3) Defendant's breach, and (4) damage to Plaintiff[ ] that resulted from Defendant's breach." Valenzuela v. ADT Sec. Servs., Inc., 820 F. Supp. 2d 1061, 1073 (C.D. Cal. 2010) (citing Wall Street Network, Ltd. v. New York Times Co., 164 Cal. App. 4th 1171, 1178 (2008)), aff'd by 475 F. App'x 115 (9th Cir. 2012). Defendant argues that the FAC fails to allege sufficient facts to state a claim for breach of contract. The Court disagrees. The FAC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9562 PA (MRWx) | Date | April 15, 2022 |
|---|---|---|---|

| Title | Famous Birthdays, LLC v. SocialEdge, Inc. |
|---|---|

sufficiently alleges facts supporting an inference that Defendant breached a contractual term of the parties' terminated license agreement and, consequently, states a claim for breach of contract. See ProPortion Foods, LLC v. Master Prot., LP, No. 2:19-CV-01768-R-AGR, 2019 WL 8137705, at *2 (C.D. Cal. Sept. 25, 2019), aff'd sub nom. 3WL, LLC v. Master Prot., LP, 851 F. App'x 4 (9th Cir. 2021). The Court therefore denies Defendant's Motion to Dismiss that claim.

### F.     Attorney's Fees and Statutory Damages

Defendant contends that as a matter of law Plaintiff is not entitled to statutory damages or attorney's fees as a matter of law under 17 U.S.C. § 412. "Under the Copyright Act, plaintiff is entitled, at its own election to either (1) actual damages and the infringer's profit, or (2) statutory damages for defendants' infringement. 17 U.S.C. § 504." Zito v. Steeplechase Films, Inc., 267 F. Supp. 2d 1022, 1025–26 (N.D. Cal. 2003). "The court may also award attorney's fees and costs. 17 U.S.C. § 505." See id. Both statutory damages and attorney's fees and costs are unavailable if "(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412.

Here, the parties dispute, among other facts, the timing of the Copyright registrations and publication of certain biographies. The Court therefore cannot decide on this record whether Plaintiff is entitled to statutory damages or attorney's fees under the Copyright Act. For this reason, the Court concludes that the FAC has alleged sufficient facts, at this stage of the proceedings, to raise a "plausible" entitlement to statutory damages and attorney fees arising out of the copyright infringement claim.

### Conclusion

For all of the foregoing reasons, the Court concludes that the FAC contains sufficient well-pleaded facts to state viable claims for copyright infringement, violation of the Computer Fraud and Abuse Act, violation of California's Comprehensive Computer Data Access and Fraud Act, unfair competition law claim, and breach of contract. The Court concludes that Plaintiff is not barred from seeking recovery of statutory damages or attorney's fees. The Court denies Defendant's Motion to dismiss in its entirety. Defendant shall file an Answer by no later than May 6, 2022.

IT IS SO ORDERED.